**UNITED STATES of America,**
**Plaintiff,**

v.

**Harry P. BROWN, Defendant.**

**No. 54 CR 13.**

United States District Court,
N. D. Illinois, E. D.

March 24, 1955.

R. Tieken, U. S. Atty. for the Northern Dist. of Ill., Chicago, Ill., for plaintiff.

Grossman & Miller, Chicago, Ill., for defendant.

---

CAMPBELL, District Judge.

The defendant is under a two count indictment for income tax evasion. The first count charges that the defendant filed and caused to be filed a false and fraudulent individual income tax return for the calendar year 1947. The second count charges that the defendant filed and caused to be filed a false and fraudulent joint income tax return for the calendar year 1948.

The defendant has served upon the United States Attorney and the District Director of Internal Revenue subpoenas duces tecum, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. The identical subpoenas seek to compel these Government officials to produce for the defendant's inspection:

> "Written statements or stenographic transcripts of interviews, whether signed or unsigned, of the following named persons: William Coleman, Jonas Schniderman, Morris Wolf, Herbert G. (Dick) Plasman, Harry Hecktman, Jacob Yaffee, and all books, papers, records, documents, cancelled checks, memoranda, bank deposit records, safety deposit box records, of any nature or description, obtained from the above mentioned persons or from other persons or third parties having to do with business transactions between said persons and Harry P. Brown, the defendant, for the years 1947 and 1948."

Upon the Government's refusal to comply with this subpoena, the defendant has filed a motion seeking an order directing the production and inspection, before trial, of the documents and papers referred to in the subpoenas duces tecum. Accordingly, the Government has filed its motion seeking to quash said subpoenas.

Since the Government is willing to produce for the defendant's inspection any original documents, materials, memoranda or records admissible as evidence which it has in its possession and which were obtained by solicitation or voluntarily from the six persons named in the subpoenas, any consideration by the court in this respect is unnecessary. The broad request for the records, etc., "of any nature or description, obtained * * * from other persons or third parties having to do with business transactions between said persons" and the defendant is in the nature of a "fishing expedition" and as such this part of the defendant's motion should be denied.

Thus reduced, the only issue remaining for decision is whether a defendant in a non-capital criminal case can compel the production for inspection, before trial, of the written statements of prospective witnesses in the Government's behalf. The defendant contends that such a disclosure is authorized by Rule 17(c) of the Federal Rules of Criminal Procedure. This rule provides as follows:

> "A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

One of the leading cases on the use of Rule 17(c) to effect pre-trial production of documents in the possession of the Government is Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879. In that case, the Supreme Court held that any document, admissible as evidence, obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena.

It cannot be denied that a written statement of a prospective prosecution witness is a "document" within the purview of Rule 17(c). See Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447. The question is, however, whether such a document is evidentiary so as to meet the requirements of the Bowman case, supra.

■■■ It is obvious that written statements of prospective witnesses have no evidentiary value whatsoever. The Government may call a potential witness to testify or it may not. In a non-capital criminal case, the Government is not required to determine in advance what witnesses will be used at the trial. If the Government chooses to call a witness to testify, then his written statements succeed to be evidentiary for impeachment purposes only. It follows, therefore, that the written statements of the six persons named in the subpoenas have no evidentiary value as they stand today in the possession of the Government. Thus, the defendant's motion in this respect must also be denied. Should any of the persons named in the subpoenas be called upon to testify at the trial of this action, then any written statements made by such a witness before trial will be made available to the defense counsel upon a proper showing, by cross-examination, that such statements are in existence, are in the possession of the Government, and are contradictory of his present testimony, and that said contradiction pertains to the relevant, important, and material matters which directly bear on the main issues being tried. Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447.

The principal case cited by counsel for the defendant can easily be distinguished from the case at bar. In Fryer v. United States, 93 U.S.App.D.C. 34, 207 F.2d 134, the defendant was charged with murder in the first degree. The Court of Appeals for that circuit noted that in a capital case the pertinent statute, 18 U.S.C. § 3432, required the Government to furnish the defendant, at least **three** days prior to trial, with a list of **the** witnesses to be called at the trial. With this in mind, the court, in a two to one decision, reached the conclusion that the Government must disclose to the defense counsel before trial, for possible impeachment purposes, the signed statements of the witnesses to be called in the Government's behalf. However, the District Court for that circuit has expressly declined to apply this ruling to a non-capital case. See United States v. Carter, D.C., 15 F.R.D. 367.

For the reasons stated, the defendant's motion is hereby denied. The Government, however, is ordered to produce for the defendant's inspection any original documents, materials, memoranda or records, admissible as evidence, which it may have in its possession which were obtained by solicitation or voluntarily from the six persons named by the defendant in his motion and subpoenas.