**UNITED STATES of America**

**v.**

**John C. PEACE and Joseph Post,
Defendants.**

United States District Court,
S. D. New York.

Dec. 28, 1954.

J. Edward Lumbard, U. S. Atty., New York City, for the United States. Walter L. Stratton, Asst. U. S. Atty., New York City, of counsel.

Golden, Wienshienk & Rosenthal, New York City, for defendant Joseph Post. Howard N. Golden, New York City, of counsel.

WEINFELD, District Judge.

The defendant Post moves for discovery and inspection of (1) a statement signed by him following his questioning by post office inspectors at or about the time of his arrest; (2) a written statement by his co-defendant Peace who has heretofore pleaded guilty and is now awaiting sentence. He also seeks an

order adjourning his trial until the co-defendant has been sentenced, and, finally, he moves for a bill of particulars.

The indictment charges both defendants, who are employees of the Post Office Department, with conversion of money and property which came under their control, and in the second count with conspiracy to defraud the government.

I am of the view that determination of the motion as to each written statement is governed by a different Rule. In the instance of the moving defendant's statement, since it was "obtained" from him the application falls within the ambit of Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[1] On the other hand, since Peace, the co-defendant, is no longer cast in that role and is a potential witness who has given a voluntary statement, the disposition of the motion for his statement must be governed by Rule 17(c).

The government vigorously opposes inspection of the defendant Post's statement, regardless of the Rule under which the motion falls. The principal ground of its objection is that to furnish him with a copy of his own statement might lead him upon the trial to tailor-make his testimony or to explain away his statement—in effect, to deny its purport and tempt him to commit perjury. I think the government's fears are more apparent than real. First, it assumes a defendant will commit perjury with respect to his prior voluntary statement; second, it overlooks the effect of cross-examination if in fact the statement were voluntarily made, and, finally, it disregards sanctions which are available for false swearing. As has been well

stated: "* * * [A]s an implement of conviction, its [a confession] truth certainly ought to have the strength to stand up, even after a defendant's re-reading of it." [2]

If a defendant has made a written statement which was voluntarily given, and such must be the government's position if it is to be admitted into evidence, there is no sound reason why a copy should not be made available to him. Indeed, I am of the view that where a defendant has cooperated with the authorities and voluntarily furnished information adverse to his own interest, a copy of his statement should be given him at the very time of its signing. Such a policy would enhance, rather than diminish, the dignity of the administration of law. A trial with possible serious consequences to the defendant and of importance to the public should not be treated "as a game of combat by surprise." [3]

Under Rule 16, books, papers, documents or tangible objects which were obtained from a defendant or from third persons by seizure or by process may be made available to a defendant upon a showing that they may be material to his defense and that the request is reasonable. The right of a defendant to apply for relief under Rule 16 should not be lessened because he has cooperated with governmental agencies or officials in consequence of which they have obtained his statement or confession. I am aware that there is authority to the effect that Rule 16 does not grant the defendant a right before trial to demand a copy of his confession,[4] but I

1. Bowman Dairy Co. v. United States, 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879; United States v. Cohen, D.C.S.D.N.Y., 15 F.R.D. 269, 271–272; United States v. Iozia, D.C.S.D.N.Y., 13 F.R.D. 335. However, there are authorities which hold that applications for defendants' statements fall within Rule 17(c). Fryer v. United States, 93 U.S.App.D.C. 34, 207 F.2d 134 (which seemingly was more

concerned with witnesses or third-party statements); United States v. Carter, D. C.D.C., 15 F.R.D. 367, 371.

2. Shores v. United States, 8 Cir., 174 F. 2d 838, 845, 11 A.L.R.2d 635.

3. Fryer v. United States, 93 U.S.App.D.C. 34, 207 F.2d 134, 136.

4. Shores v. United States, 8 Cir., 174 F. 2d 838, 11 A.L.R.2d 635. However, it

am of the view that the rule generally followed in the District of Columbia which permits inspection prior to trial of any written statement signed by a defendant and in the possession of the government is a salutary one and in accord with enlightened administration of criminal justice and I am prepared to follow it.[5]

In the instant case it appears that the alleged statement contains matter that may be material to the preparation of the defense and the request for its inspection is not unreasonable. Accordingly, the motion is granted.

■ With respect to the statement obtained from the co-defendant Peace, which I hold is governed by Rule 17 (c), the defendant has failed to make the showing outlined in United States v. Iozia, D.C.S.D.N.Y., 13 F.R.D. 335 and, accordingly, that branch of the motion is denied, but without prejudice to a renewal at the time of trial.[6]

■ As to the defendant's motion to defer the trial until the co-defendant Peace is sentenced, this is denied. There is no basis for the unsupported statement that the co-defendant will curry favor with the United States Attorney's Office by offering perjured and colored testimony unfairly implicating the defendant Post either for fear of reprisal or hope of leniency. There is as little warrant for assuming that Peace will commit perjury upon the trial as there is for a like assumption in the instance of Post, which was the principal ground upon which the latter's application for his statement was opposed by the government. Moreover, and perhaps more important, the date of sentencing of a defendant is not a matter to be determined by a third person.

■ The motion for a bill of particulars is disposed of as follows:

(1) State the approximate date or dates the use, conversion or exchange as alleged in the first count of the indictment is alleged to have occurred and the approximate amount so used, converted or exchanged on each date.

(2) As to the second count, granted as to item (b) (iii), which is modified by eliminating the words "in what manner and."

With respect to all other items the motion is denied.

The indictment and the particulars stated in the overt acts are sufficiently specific as to time, place and other data to furnish the defendant with the information necessary to safeguard his rights and to enable him properly to prepare his defense. The indictment and the particulars stated therein are sufficient to meet the test set forth in Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314, and Wong Tai v. United States, 273 U.S. 77, 80, 47 S.Ct. 300, 71 L.Ed. 545. See also, United States v. Rosenberg, D.C.S.D.N.Y., 10 F.R.D. 521.

Settle order on notice.

---

is not without interest that although the Court rejected the defendant's contention that under Rule 16 he was entitled to his confession as a matter of right and further noted that even if a confession were within the Rule it remained a matter of discretion, nonetheless, it stated: "Perhaps, as a matter of fundamental fairness, a defendant ought in enlightened criminal administration to be granted the right to have a copy of his confession in any case. * * * [W]e are not intending thereby to imply [by our ruling] that a federal court does not have the power in any situation to require the Government to furnish the defendant with a copy of his confession before trial." Id., 174 F.2d at pages 844–845. See also State v. Dorsey, 207 La. 928, 22 So.2d 273, 285; 4 Barron & Holtzoff, Federal Practice and Procedure, § 2032, p. 126, n. 8.

5. Incidentally, this inspection is permitted under Rule 17(c). See United States v. Carter, D.C.D.C., 15 F.R.D. 367, 371.

6. Gordon v. United States, 344 U.S. 415, 419, 73 S.Ct. 369, 97 L.Ed. 447; United States v. Iozia, D.C.S.D.N.Y., 13 F.R.D. 335, 340.