**UNITED STATES of America**

v.

**SCHLUTER et al.**

United States District Court
S. D. New York.

June 14, 1956.

Paul W. Williams, U. S. Atty., New York City, Arnold Guy Fraiman, Asst. U. S. Atty., New York City, of counsel, for the United States.

Goldstein, Judd & Gurfein, New York City, Murray I. Gurfein, Christopher J. Taylor and Irwin M. Rosenthal, New York City, of counsel, for defendant Schluter.

Richard P. Heppner, New York City, Walter L. Stratton and Samuel W. Murphy, Jr., New York City, of counsel, for defendant Fabel.

RYAN, District Judge.

Defendants have moved under Fed. Rules Crim.Proc. rules 16 and 17(c), 18 U.S.C.A., for production and inspection of various documents among which are question and answer statements of all defendants and of 14 co-conspirators not named as defendants. The Government has consented to furnish most of the data sought but with respect to the statements it has moved to quash the subpoenas.

The defendants, officers of defendant Thermoid Co., are charged with misstatement of the corporate federal taxes in three annual 10–K reports required to be filed with the Stock Exchange, in violation of Section 32(a) of the Securities Exchange Act of 1934, section 78ff (a), 15 U.S.C.A.

Some of the statements sought were taken in an investigation by the S.E.C. under Section 21(a) of the Act, section 78u(a), 15 U.S.C.A., to ascertain whether a violation of Section 32(a) had been committed. These were delivered to the Department of Justice by the Commission for use in possible criminal proceedings. The investigation by the Commission was "private and confidential" and not the usual type of hearing which is a matter of public record and which "might eventuate in an order." Edwards v. United States, 312 U.S. 473, 481, 61 S.Ct. 669, 674, 85 L.Ed. 957; Securities and Exchange Comm. v. Torr, D.C., 15 F.Supp. 144; In re Securities and Exchange Comm., 2 Cir., 84 F.2d 316. Under Rule 13 of the Rules of Practice for the S.E.C., 15 U.S.C.A. following section 78u, information or documents obtained by the Commission in the course of an investigation shall, unless made a matter of public record, be deemed confidential. This Rule was enacted in 1938; in 1946 Rule XX was promulgated and it provided that while the Rules of Practice were not applicable to investigations conducted by the Commission pursuant to Section 21(a), inter alia,—

"(b) A person who has been compelled to submit data or evidence in such investigations shall, upon written application to the Commission, be entitled to retain or procure a copy or transcript of his data or evidence submitted on payment of the prescribed fees; provided, however,

that the Commission may, in any nonpublic investigatory proceeding, for *good cause* deny the application for such copy or transcript. In the latter event, such person shall have the right to inspect the official transcript of his testimony upon proper identification."

Defendants state that they have been unsuccessful in obtaining the statements from the Commission; I assume that there is good cause for denying a transcript, but in any event it would seem that defendants could have inspected their statements. See also Section 1005 (b), 5 U.S.C.A. which appears to be the model for the above rule.

Additionally, I think that with respect to their own statements defendants have met the requirements of Rules 16 and 17 and of Bowman Dairy v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879. Presumably the statements are lengthy and detailed involving matters of an intricate nature; they are relevant and evidentiary; the trial of this cause by its very nature is bound to be protracted and to involve a mass of documentary evidence. Under the circumstances the defendants' request is reasonable and made in a good faith effort to obtain evidence which may be material to their defense; inspection of their statements prior to trial will save some delay in the course of the trial. United States v. Carter, D.C., 15 F.R.D. 367.

With one exception (the statement of the witness Noel) the defendants have not shown sufficient cause to justify an examination of the statements of the coconspirators—all potential witnesses of the prosecution. There is no indication of how many, if any, and which ones, will testify and it does not appear that pretrial inspection of their statements is necessary to a proper preparation of the defense. Neither is the request reasonable. If and when these witnesses do testify, defendants may for purposes of cross-examination, renew their motion to inspect, at which time the court will determine whether they contain matter helpful to the defense. This may result in delay, but graver considerations of prejudice to the Government's case make this inevitable. The statement of the witness Noel before the S.E.C. should be made available now to the defendants. Noel was the chief accountant of the defendant company and his testimony is important; in view of the claim made by the defendants that he exculpated some and inculpated other and later contradicted himself under oath at subsequent trials, it appears that his statement is necessary to the preparation of the defendants' case.

Inspection of all statements made to the Internal Revenue Service and the F.B.I. is denied; inspection of the statements of each defendant and of the witness Noel before the S.E.C. is granted. Motion of defendants granted to this extent; motion to quash subpoena granted to this extent.

Settle order.