**UNITED STATES of America,
Plaintiff,**

v.

**John EVANGELISTA, Leonard Berger and John A. Kaye, and John Doe, a/k/a "Joe", Defendants.**

United States District Court
S. D. New York.

Jan. 23, 1957.

Paul W. Williams, U. S. Atty. Southern Dist. of New York, New York City, John H. Carroll, Asst. U. S. Atty., New York City, of counsel, for United States.

Charles Stanziale, Newark, N. J., for defendant Evangelista.

Abraham Solomon, New York City, for defendant Berger.

Leonard Maran, New York City, for defendant Kaye.

PALMIERI, District Judge.

On the eve of trial, Mr. Maran, the attorney for defendant Kaye, advised me

by letter that he would move, at the outset of trial, for discovery and inspection under Fed.R.Cr.P. 16 and 17(c), 18 U.S. C.A., of a long, unsigned, question and answer statement made by his client to the Attorney General of the State of New York in January of 1950. Since his motion was not supported by affidavits, I refused to hear it at that time.

Yesterday, the third day of trial, I received an affidavit from the defendant. In it, he states that his present attorney was engaged seven weeks before the trial began and was not told about the statement because it had been forgotten. He further states that he needs the document to prepare himself for the balance of the trial and that an early examination of it would make for a speedier disposition of the issues of this trial. However, the Assistant United States Attorney represents that he intends to submit parts of that document into evidence and that a premature disclosure of it would permit the defendant to tailor a defense to suit the Government's proof. Defendant's motion is denied.

■ It seems to me that this entire matter presently is academic. The affidavit rather skimpily sets out the facts which are urged to constitute good cause under Fed.R.Cr.P. 16, 17(c). See Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; United States v. Iozia, D.C.S.D.N.Y.1952, 13 F.R.D. 335, 338. But even if I were to have had a complete affidavit and nevertheless denied the motion, the defendant cannot claim prejudice. The prosecutor intends to read into evidence certain parts of the statement this afternoon. The Assistant United States Attorney offered the statement in question to the defendant at approximately 3:30 P.M. yesterday, the end of the trial day, and the latter has had from 10:30 A.M., when its photostating was completed, until 2:00 P.M. today, when the trial was resumed, to familiarize himself with it. Thus, the defendant gets substantially

what he asks at about the time he would otherwise be entitled to it, even if his motion is denied.

The substantive merit of a motion of this sort deserves some comment. The judges in this District are divided as to whether a defendant is entitled to get discovery and inspection of his own prior signed statement. Compare United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423 (discovery authorized); United States v. Singer, D.C.S.D.N.Y. 1956, 19 F.R.D. 90 (same: statement signed by defendant belongs to him and he is entitled to it under Rule 16), with United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394 (discovery not authorized); United States v. Gogel, D.C.S.D. N.Y. 1956, 19 F.R.D. 107 (same); United States v. Kiamie, D.C.S.D.N.Y.1955, 18 F.R.D. 421 (same). In United States v. Schluter, D.C.S.D.N.Y.1956, 19 F.R.D. 372, the defendant was allowed to inspect a transcript of his prior testimony before a public body.

■ However, it is unnecessary for me to decide whether or not I have the power to authorize discovery of this document, for as an exercise of my discretion I believe that the defendant is not entitled to it. This is not a complicated tax case where the defendant can be overwhelmed by voluminous documents. Cf. United States v. O'Connor, 2 Cir., 1956, 237 F.2d 466; United States v. Schluter, supra. Nor is the statement in question a signed one having extraordinary probative value. Cf. United States v. Singer, supra. The defendant Kaye is fully aware of the facts of this case. He has had an extended opportunity to move earlier for the production of this statement. Moreover, it seems that the credibility of Kaye will be a serious issue in this case. Affording the defendant an opportunity to examine this statement would enable him to fabricate an explanation and would not aid a proper consideration of this issue. In a criminal case defendant must find his

compensation in the presumption of innocence and in the high burden of proof which the prosecution must meet. See United States v. Malinsky, D.C.S.D.N.Y. 1956, 19 F.R.D. 426, 428.

For all of the above reasons and in the exercise of my discretion, see United States v. Iozia, D.C.S.D.N.Y.1952, 13 F.R.D. 335, 338, I deny defendant's motion.