UNITED STATES of America
v.
Leonard BENSON, Mary Block, Martex Mfg. Co., Inc., and Harry C. Robbins, Defendants.

United States District Court
S. D. New York.
June 17, 1957.

Paul W. Williams, U. S. Atty., Southern District of New York, New York City, William K. Zinke, Asst. U. S. Atty., New York City, of counsel, for the United States.

Bleakley, Platt, Gilchrist & Walker, New York City, Thomas C. Platt, Jr., New York City, of counsel, for defendants Leonard Benson and Martex Mfg. Co., Inc.

Archibald Palmer, New York City, for defendants Mary Block and Harry C. Robbins.

PALMIERI, District Judge.

▪ Defendants Benson and Martex Mfg. Co., Inc., have served upon the Federal Bureau of Investigation a subpoena duces tecum requiring the production of "all relevant statements and reports in your possession of Government witnesses (written and, when orally made, as recorded by you) touching the subject matter of their testimony at the forthcoming trial of the above captioned case scheduled to commence in this court on June 10, 1957."[1] The Government has moved to quash the subpoena on the ground that the defendants have failed to make a showing of good cause to entitle them to production and inspection of the documents which they seek. See United States v. Iozia, D.C.S.D.N.Y. 1952, 13 F.R.D. 335, 338; United States

v. Cohen, D.C.S.D.N.Y.1953, 15 F.R.D. 269.

Defendants place their chief reliance on Jencks v. United States, 77 S.Ct. 1007. They urge that the Jencks holding requires the disclosure of statements made by the Government's witnesses so that the defense may determine on its own account whether or not the statements contain matter that is relevant to the defense. They further urge that, pursuant to Rule 17(c) and the cases construing that rule, they are entitled to such disclosure in advance of trial. See Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 219, 220, 71 S.Ct. 675, 678, 679, 95 L.Ed. 879.

There is, at the threshold, a question as to whether a district court has any power to order a pre-trial disclosure of statements of defendants or of potential adverse witnesses. Judge Medina recently alluded to this question in United States v. Louie Gim Hall and Wong Suey Loon, 2 Cir., 245 F.2d 338, 341, as follows:

"Since we have decided that the judgment of conviction must be set aside, and the statements have now been disclosed by the prosecution, we need not decide whether the District Court has the power to order such a disclosure, a question of no little difficulty. See, e.g., Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; Shores v. United States, 8 Cir., 174 F.2d 838, 11 A.L.R.2d 635; State v. Tune, 13 N.J. 203, 98 A.2d 881; compare United States v. Peltz, D.C., 18 F.R.D. 394, with United States v. Peace, D.C., 16 F.R.D. 423."

The divergence of views among the Judges of this District is exemplified by a number of recent decisions.[2]

---

1. Fed.Rules Crim.Proc. rule 17(c), 18 U.S.C.

2. Pre-trial disclosure has been allowed and the existence of the power was necessarily implied in the following cases: United States v. Peace, D.C.1954, 16

F.R.D. 423 (Defendant's signed statement to Post Office inspectors; but denied as to similar statement by potential witness); United States v. Klein, D.C.1955, 18 F.R.D. 439 (Defendant's unsigned statement to Internal Revenue

Assuming *arguendo* that the power exists, I turn now to a consideration of the propriety of its exercise under the circumstances presented here.

It was conceded by defendants' counsel that a pre-trial disclosure of the statements which they have requested would necessarily supply them with a roster of the names of the Government's witnesses in advance of trial, an advantage which has hitherto been denied defendants in criminal prosecutions, except in capital cases. See United States v. Carter, D.C.D.C.1954, 15 F.R.D. 367 (Holtzoff, J.). In addition to thus compelling the Government to divulge the names of its witnesses before trial, the granting of the defendants' application would cause the Government both vexation and delay. In order to comply with the subpoena, the Government would have to determine in advance of trial the identity of its trial witnesses. The exigencies of a trial frequently require such decisions to be made at the last moment. United States v. Carter, supra, 15 F.R.D. at pages 369, 370. Moreover, strict compliance with the subpoena would hamper the prosecution either by requiring the expenditure of much time and effort in order to determine which statements are

likely to be relevant before the testimony of the authors of the statements has been adduced at trial, or by permitting an exploration of documents possessed by the Government and which perhaps may never become relevant at the trial. Both alternatives are equally undesirable. To impose either one upon the Government would be neither realistic nor practicable.

■ Totally apart from these considerations, however, I believe that the defendants' reliance upon the Jencks decision is misplaced. As I read the Supreme Court majority and concurring opinions, I find no language which would justify its application to pre-trial procedure. Close scrutiny of the opinions in the Jencks case reveals no references to Rule 16 or Rule 17, or to disclosure in advance of trial. Moreover, it appears from the briefs before the Supreme Court that they contain no argument urging pre-trial disclosure of statements of potential Government witnesses. Indeed, the very touchstone of the Jencks decision is the issue of credibility of the witness at the trial. Before the defense is entitled to disclosure of any statements made by a Government witness for the purpose of discrediting him, the

agent); United States v. Singer, D.C. 1956, 19 F.R.D. 90 (Defendant's signed statement to government agent after arrest); United States v. Schluter, D.C. 1956, 19 F.R.D. 372 (Defendant's question and answer statements during course of S.E.C. investigation; also, similar statements by potential witness; but denied as to statements by thirteen other witnesses to Internal Revenue and F.B.I. agents); United States v. Zimmerman, D.C.1957, 20 F.R.D. 587 (Defendant's signed statement to F.B.I.).

Pre-trial disclosure has been refused in the following cases, in some because of the absence of power, and in others as an exercise of discretion: United States v. Scully, D.C.1954, 15 F.R.D. 402 (Defendant's statement to government agent—denied on basis of discretion after Judge explicitly found the existence of power); United States v. Peltz, D.C. 1955, 18 F.R.D. 394 (Defendant's question and answer statement to Assistant

United States Attorney—absence of power); United States v. Kiamie, D.C.1955, 18 F.R.D. 421 (Defendant's question and answer statement to Internal Revenue—absence of power; also, similar statements by potential witnesses); United States v. Louie Gim Hall, D.C.1956, 18 F.R.D. 384, reversed on other grounds, 2 Cir., 245 F.2d 338 (Defendant's signed and unsigned statements to government agents after arrest—absence of power); United States v. Gogel, D.C.1956, 19 F.R.D. 107 (Defendant's question and answer statement to Internal Revenue agent—absence of power); United States v. Evangelista, D.C.1957, 20 F.R.D. 631 (Defendant's unsigned statement to State Attorney General—exercise of discretion); United States v. Patrisso, D.C. 1957, 20 F.R.D. 576 (Defendant's statement to United States Attorney—absence of power; also, similar statement by potential witness).

credibility of the witness whose prior statements are sought must be in issue. Clearly, that condition cannot be satisfied here, as the Government has not yet determined with definiteness who its witnesses will be.

The necessary impact of the Jencks holding is that the Government must accept obligations of disclosure once its witness is called to the witness stand. But I do not understand it to mean that the vast horizon of pre-trial disclosure, in the sense urged upon me on this motion, is now available to defense counsel in criminal cases. Since there is no trial in progress and since, necessarily, no witnesses have been called to testify, there is no present issue of credibility which can justify the disclosure sought by the defendants. The defendants have acted prematurely.

The motion to quash is accordingly granted.