UNITED STATES
v.
Ernest Douglas BROCKINGTON et al.

UNITED STATES
v.
James BROWN et al.
Cr. Nos. 6364, 6365.

United States District Court
E. D. Virginia,
Richmond Division.
July 30, 1957.

R. R. Ryder, Asst. U. S. Atty., Richmond, Va., for the United States.

Herndon P. Jeffreys, Jr., Tivis Wicker, and Euell H. Hall, Richmond, Va., for defendants.

HUTCHESON, Chief Judge.

These cases are based upon indictments charging violations of the Internal Revenue laws relating to distilled spirits, in each of which appears a count charging conspiracy between the defendants. They are now before me on motions filed by the United States to quash subpoenas duces tecum issued at the instance of certain defendants under Criminal Rule 17(c), 18 U.S.C.A. The subpoenas, which are essentially similar, were sought for the purpose of requiring the production of certain records in the possession of the Government agents. The material sought may be briefly described as reports and memoranda prepared and submitted in the course of their investigation of the cases by certain agents of the Alcohol and Tobacco Tax Division of the Treasury Department and statements obtained by the investigators from other individuals, including the defendants named in the indictments. In short, the moving defendants are attempting to have made available for their inspection in advance of trial what appear to be the complete files of the Government pertaining to the cases. Since the questions presented are common to both cases they are being dealt with together.

Rule 17(c) provides:

"A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

■ This rule has been the subject of interpretation by the Courts upon a number of occasions. In Bowman Dairy Company v. United States, 341 U.S. 214, 71 S.Ct. 675, 679, 95 L.Ed. 879, its application was directly involved. There the defendant sought the production of certain documents under a subpoena duces tecum for examination in advance of trial. The Court held that in determining whether the defendant should be permitted to examine the material sought, the test is whether it is admissible as evidence. In its opinion the Court used the word "evidentiary" in characterizing the material to be produced upon as many as four occasions and used the following language:

"In short, any documents or other materials, *admissible as evidence*, obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena." (Emphasis supplied.)

Under no theory could the reports and memoranda of investigating agents as such be admitted in evidence. They have no evidentiary value standing alone. The same observation applies to statements of prospective witnesses, with the exception later to be discussed.

It is contended that the recent case of Jencks v. United States, 77 S.Ct. 1007, 1 L.Ed.2d 1103, has announced a different rule which is applicable here. With this contention I am unable to agree, but so much emphasis has been placed upon that case that a brief discussion of the principles there involved seems appropriate.

In Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 373, 97 L.Ed. 447, a witness testified in behalf of the Government. The defense thereupon moved that the Government be required to produce for examination certain documents for the purpose of impeaching the witness by showing prior inconsistent statements. The Court said:

"By proper cross-examination, defense counsel laid a foundation for

his demand by showing that the documents were in existence, were in possession of the Government, were made by the Government's witness under examination, were contradictory of his present testimony, and that the contradiction was as to relevant, important and material matters which directly bore on the main issue being tried: the participation of the accused in the crime. The demand was for production of these specific documents and did not propose any broad or blind fishing expedition among documents possessed by the Government on the chance that something impeaching might turn up. *Nor was this a demand for statements taken from persons or informants not offered as witnesses."* (Emphasis supplied.)

In the Jencks case [77 S.Ct. 1012] two witnesses for the Government, Ford and Matusow, on cross-examination testified that while acting as under-cover agents for the Government they made oral and written reports concerning activities related in their testimony. The defense thereupon moved for an order directing the production of the reports so made by the witnesses. The following language from the majority opinion points up the issue presented:

"The Government opposed petitioner's motions at the trial upon the sole ground that a preliminary foundation was not laid of inconsistency between the contents of the reports and the testimony of Matusow and Ford. The Court of Appeals rested the affirmance primarily upon that ground.

"Both the trial court and the Court of Appeals erred. We hold that the petitioner was not required to lay a preliminary foundation of inconsistency, because a sufficient foundation was established by the testimony of Matusow and Ford

that their reports were of the events and activities related in their testimony."

It is clear that the motion referred to in the Jencks case was based upon neither Rule 16 nor Rule 17(c). The material there sought was not material obtained from or belonging to the defendant nor was it material obtained from others by seizure or by process as contemplated by Rule 16. Nor was it based upon subpoena issued pursuant to Rule 17(c) for the production of material prior to the trial or prior to the time when it is to be offered in evidence. It was a motion made during the progress of the trial under well recognized procedure differing from the Gordon case only in that there was lacking the laying of a preliminary foundation of inconsistency.

In the Jencks case the Court held that a showing of prior inconsistency is not required to entitle a defendant to examine statements made by the witness. I find no other modification of the law of evidence announced by the Supreme Court in that case.

In advance of the trial there is no way to know whether the investigating officers or other persons whose statements have been taken will or will not testify. Such testimony is a prerequisite to the admissibility of any report or statement made by the prospective witness involved. In the absence of such testimony the material has no "evidentiary" character, as is required by the Bowman case. After such testimony it may be admissible for purposes of impeachment as in the Gordon and Jencks cases.

Statements made by defendants occupy a somewhat different status. These statements fall into two different categories:

(1) Statements made by the moving defendant, and (2) statements made by co-defendants who have not

joined in the motion for production. Statements made by the moving defendant are of "evidentiary" character and are admissible as evidence irrespective of whether that defendant testifies or not. Statements made by co-defendants may or may not assume evidentiary character as against the moving defendant, dependent upon whether the non-moving defendant either (a) becomes a witness, or (b) his statement contains allegations admissible under the general rules of evidence against the moving defendant. Should the non-moving defendant become a witness, his statements may be then admissible under Gordon and Jencks. In the situation referred to in (b), such statement constitutes "evidentiary" material and falls within Rule 17(c) as interpreted in Bowman.

It follows that the motion of the United States to quash the subpoenas in so far as they call for the production of documents consisting of reports, memoranda and notes of the investigators and potential witnesses, with the exception to be stated, should be granted. The motion as it pertains to the production of statements, written or oral,* made by the moving defendants should be denied. With respect to statements, written or oral,* made by non-moving defendants, the Government will be put upon terms to either produce such statements of non-moving defendants which it proposes to rely upon as admissible against the moving defendants, or in event of failure to produce such statements they will not be admitted as evidence at the trial.

In view of the foregoing observations, it is not necessary to discuss the sufficiency of the designation of the material in the motions.

Appropriate orders will be entered upon presentation.

---

* The term "oral statements" as here used means and is limited to verbal statements, in whatever form, given in connection with or explanatory of written reports or statements.