UNITED STATES of America, Plaintiff,

v.

William H. BENNETHUM, III, Defendant.

Crim. A. No. 1075.

United States District Court D. Delaware.

Nov. 8, 1957.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., for plaintiff.

James T. McKinstry, Wilmington, Del. (of Richards, Layton & Finger), Wilmington, Del., for defendant.

LAYTON, District Judge.

The Government has filed an Information against defendant, a lawyer, charging him with the wilful failure to file income tax returns for the years 1953 and 1954. He has moved under Rule 16 [1] of the Criminal Rules, 18 U.S.C., for discovery of the following designated types of records or documents:

(1) All statements reduced to writing or memorandum form made by the defendant to agents, employees or officials of the Internal Revenue Service, Treas-

ury Department, Department of Justice or other Departments of the United States Government relative to the information filed herein.

(2) All transcripts or records of testimony taken at any meeting or conferences attended by the defendant and agents, employees or officials of the Internal Revenue Service, Treasury Department, Department of Justice or other Departments of the United States Government, relative to the information filed herein, including testimony taken at a conference held on or about July 18, 1956, at 3605 Market Street, Wilmington, Delaware, a conference held on or about October 10, 1956, in the office of the Regional Counsel of the Internal Revenue Service in Philadelphia, Pennsylvania, and a conference held on or about January 28, 1957, in Room 4139 of the Department of Justice Building, Washington, D. C.

(3) All books, records, documents and papers of the defendant that are in the possession of the Government and which are relevant to the information filed herein.

(4) All books, records, documents and papers obtained from third persons by seizure or by process and which are relevant to the information filed herein.

■■ The subject matter of requests numbered one and two seems to come within the broad heading of written statements, declarations or confessions made by defendant pertaining to the case. These requests are denied upon the authority of United States v. Peltz, D.C.S.D.N.Y., 18 F.R.D. 394. Requests numbered three and four are granted inasmuch as the documents, etc., requested

1. "Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by proc-

ess, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

**230**

seem to fall within the plain meaning of the Rule.

Supplementing his motion for discovery under Rule 16, defendant has simultaneously moved under Rule 17(c)[2] for production of the following:

(1) All statements reduced to writing or memorandum form made by the defendant to agents, employees or officials of the Internal Revenue Service, Treasury Department, Department of Justice or other Departments of the United States Government relative to the information filed herein.

(2) All transcripts or records of testimony taken at any meeting or conferences attended by the defendant and agents, employees or officials of the Internal Revenue Service, Treasury Department, Department of Justice or other Departments of the United States Government, relative to the information filed herein, including testimony taken at a conference held on or about July 18, 1956, at 3605 Market Street, Wilmington, Delaware, a conference held on or about October 10, 1956, in the office of the Regional Counsel of the Internal Revenue Service, in Philadelphia, Pennsylvania, and a conference held on or about January 28, 1957, in Room 4139 of the Department of Justice Building, Washington, D. C.

(3) All records, documents, correspondence and forms showing instances during the years 1950 through 1957 wherein the office of the District Director of the Internal Revenue Service for the District of Delaware has misplaced, mislaid or lost records, files or returns of taxpayers.

(4) All documents, books, papers and objects obtained by Government counsel in any manner other than by seizure or process and which are to be offered as evidence at the trial of this proceeding.

Numbers one and two of the request for discovery under Rule 16 coincide with the request for production under Rule 17(c). The reason for this superficially curious duplication of requests no doubt stems from certain language of the Supreme Court in Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 678, 95 L.Ed. 879. There the Court in speaking of Rule 16, said this:

> "It [Rule 16] was intended by the rules to give some measure of discovery. * * * Rule 17(c) was not intended to provide an additional means of discovery. * * * It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."

On the other hand, in discussing Rule 17(c), the Court made these statements:

> "There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears as to why they may not be reached by subpoena under Rule 17(c) as long as they are evidentiary. * * * In short, any document or other materials, admissible as evidence, obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena."

[3] Many lawyers, with good cause, have professed to find in the last quoted language an intention to convert Rule

---

2. "(c) For Production of Documentary Evidence and of Objects. A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

17(c) from a production Rule into a discovery Rule of wide application. Prior to Bowman, Rule 17(c) was never regarded as a discovery provision but, rather, as a method by which either party might inspect subpoenaed documents just prior to trial in order to shorten the litigation. United States v. Maryland & Virginia Milk Producers Association, D.C., 9 R.F.D. 509. The Bowman decision cited this case, thereby apparently reaffirming its holding. The key words of Rule 17(c) would seem to be "designated", "produced before the court", and "offered in evidence". "Designated" connotes some advance knowledge of, and familiarity with, the record or records sought to be inspected. "Produced before the court" indicates a procedure quite different from discovery whereby books, records and papers are frequently handed over to the applicant for blanket inspection. "Offered in evidence", as the Bowman decision indicates, infers that the material requested is actually evidentiary as opposed to those records "material to the preparation of his defense" described in Rule 16.

■ From this, and conforming to accepted notions of the true function of production as opposed to discovery, it would seem to follow logically that the provisions of Rule 17(c) were intended to permit a defendant to compel the Government to produce *at trial*[3] records having evidentiary value then in the possession of the Government, the existence of which defendant had discovered under Rule 16, or which, of defendant's own knowledge, the Government had under its control. But the concluding language of Bowman[4] can scarcely be ignored. Despite other language directly to the contrary, it quite clearly holds that all evidentiary material in the hands of the Government from voluntary sources is subject to reach under Rule 17(c).

■ Applying these observations to defendant's request for production above set forth, it follows that requests numbered one and two, being for statements of the defendant reduced to writing, must be denied—not being subject to inspection by virtue of Rule 16, they cannot be reached by Rule 17(c).

■ The third request must be denied simply because it is a blanket demand amounting to little more than a fishing expedition to ascertain whether there exist in the local office of the Bureau of Internal Revenue records showing that taxpayers' files have been lost or misplaced on one or more prior occasions.

■■ Finally, just prior to trial, the Government will be directed to produce the documents under the fourth request. I grant this request with hesitation because such a result seemingly converts Rule 17(c) into a discovery Rule.[5] However, in the light of the language from Bowman quoted in footnote 4, which apparently summarizes the Supreme Court's conclusions, I feel I have no alternative but to grant defendant's request.

---

3. In cases such as Bowman Dairy Co. v. United States, an anti-trust case, where hundreds if not thousands of documents were to be placed in evidence by the Government, the production was allowed some time prior to trial as a matter of convenience and for the purpose of shortening the trial.

4. "In short, any document or other materials, admissible as evidence, obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena."

5. "A subpoena duces tecum may be used to compel the production of any proper documentary evidence, * * * which is desired for the proof of an alleged fact relevant to the issue * * *; but such a subpoena may not be used for the purpose of *discovery, either to ascertain the existence of documentary evidence, or to pry into the case of the adverse party.*" (My emphasis) 97 C.J.S. Witnesses § 25, p. 381.