**UNITED STATES of America**

v.

**Norman ROTHMAN, Stuart Sutor, Victor Carlucci, Daniel Hanna, Joseph Merola and Joseph Giordano.**

**Crim. No. 15750.**

United States District Court
W. D. Pennsylvania.

Dec. 30, 1959.

936

Daniel J. Snyder, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Vincent Casey, of Margiotti & Casey, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

The defendant, Victor Carlucci, moves the court under Rule 17(c), Fed.R.Crim. P., 18 U.S.C.A., to issue a "subpoena duces tecum directed to Captain Eugene Fontaine of the Pennsylvania State Police * * * to produce any statement or memorandum of any conversation with the defendant appearing as part of the Pennsylvania State Police records." The motion contains the conclusionary averment that Carlucci "needs said memoranda, reports or statements of said defendant's conversation made by the

said Pennsylvania State Police in order to prepare for trial in this case." He also asked the court pursuant to the Rule to make said subpoena returnable before the court at a definite time prior to trial of this case where the said statements, reports or memoranda may be inspected by the defendant or his attorney.

In addition, he asked that the subpoena duces tecum include the statements, reports or memoranda of the interrogation of William Falter (not a defendant) made to the Pennsylvania State Police, and that same also be turned over for inspection.

■ It is clear under Rule 17(c) that memoranda, reports, or statements of a conversation with a defendant or of persons other than a defendant, including a prospective government witness, being the work product of police officers, may not be subpoenaed. They are not evidentiary in character.

■ The rule does not provide for discovery; it has only the limited function of procuring production of papers for use in evidence at the trial. United States v. Eli Lilly & Co., D.C.N.J.1959, 24 F.R.D. 285, 294. It requires that a good faith effort be made to obtain evidence. Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879. See also the excellent analyses of the problem in the opinions of Judge Steel in United States v. Jannuzzio, D.C.Del.1958, 22 F.R.D. 223 and Judge Layton in United States v. Bennethum, D.C.Del.1957, 21 F.R.D. 227; in both cases pretrial production of the statements of the defendant was denied.

In United States v. Brockington, D.C. E.D.Va.1957, 21 F.R.D. 104, 105, upon which defendant relies, it was said:

"Under no theory could the reports and memoranda of investigating agents as such be admitted in evidence. They have no evidentiary value."

■ It is true that statements made during an interview by a prospective witness for the government "may ripen into evidentiary material for purposes of impeachment if and when, and only if and when, the witness who has made the statement takes the stand and testifies." Then only may the defendant inspect the statements given to the government by such a witness concerning the subject matter of his testimony for the purpose of impeaching his credibility if he can.[1] See the so-called Jencks Statute, 18 U.S. C.A. § 3500; see also, United States v. Palermo, D.C.S.D.N.Y.1957, 21 F.R.D. 11; United States v. Benson, D.C.S.D.N. Y.1957, 20 F.R.D. 602; United States v. Grossman, D.C.N.J.1957, 154 F.Supp. 813; United States v. Iozia, D.C.S.D. N.Y.1952, 13 F.R.D. 335.

■ Likewise, a memorandum of a conversation made by a defendant to a person who contemporaneously reduced it, or parts of it, to writing may ripen into an admissible document if the recorder when called as a witness has no present recollection of what defendant said. But only at trial can the evidentiary quality and relevancy of the writing be determined. United States v. Jannuzzio, supra, 22 F.R.D. at page 228.

■ If the alleged memorandum or statement was written by Carlucci, or dictated by him, he has not so alleged; and hence, even assuming that the court has power to order its production, he has failed to show good cause therefor, i. e., (1) that it is evidentiary and relevant, and (2) that a failure to produce it will unreasonably delay the trial. United States v. Jannuzzio, supra; United States v. Iozia, supra, 13 F.R.D. at page 338; United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394; United States v. Kiamie, D.C.S.D.N.Y.1955, 18 F.R.D. 421.

It has been held in protracted cases and upon a proper showing, in the discretion of the court, that a subpoena could be issued for a defendant's signed statement, or for an unsigned transcript

---

1. The quotation and language is taken from United States v. Palermo, D.C.S.D.N.Y.1957, 21 F.R.D. 11, 13.

of his statement or interrogation.[2] These cases apparently apply the Rule, but the decisions could also be justified as an exercise of the inherent power of the court to prevent unfairness and avoid undue delay.[3] The defendant here has made no such showing. In fact the tenor of the oral argument, as well as the motion, indicate that defendant simply wants to see what the State Police reported about any conversation including what defendant said. Such reports have no evidentiary value standing alone.

■■ Counsel for Carlucci contends such reports are evidentiary under the Federal Business Records Act, § 1733(a), Title 28 U.S.C.A. Without passing on the question of whether or not self-serving declarations are evidentiary, and it would be most unlikely that Carlucci would offer any incriminating statements in evidence, in my opinion the reports and memoranda of officers and agents investigating an alleged crime are not admissible in evidence under the Federal Business Records Act. Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Nuttall v. Reading Company, 3 Cir., 1956, 235 F.2d 546, 550; Hartzog v. United States, 4 Cir., 1954, 217 F.2d 706. Nor is it any justification for a subpoena under Rule 17(c) that a defendant wants to make sure that the story he tells at trial is not impeached by any prior inconsistent statements he may have made to the State Police. United States v. Peltz, supra, 18 F.R.D. at page 405; United States v. Evangelista, D.C.S.D.N.Y.1957, 20 F.R.D. 631, 632.

In my discretion, Carlucci's motion for this court to issue a subpoena duces tecum under Rule 17(c) for any statements, reports or memoranda of the interrogation of William Falter made to the Pennsylvania State Police, and any statement or memorandum of any conversation with the defendant Carlucci,

appearing as part of the State Police records, will be denied.

■ The defendants, Joseph Giordano and Victor Carlucci, presented motions under Rule 16, Fed.R.Crim.P., for discovery and inspection of "any statement or memoranda of the defendant" which may appear in the government's files for the purpose of enabling them to properly prepare their defense. The motions were not supported by affidavit showing good cause. Rule 16 requires that a defendant show "that the items sought may be material to the preparation of his defense and that the request is reasonable". Cf. United States v. Evangelista, supra; United States v. Kiamie, supra. This the defendants have not done. The conclusionary averment in the motion is insufficient.

■ Neither defendant avers that he gave a written signed statement or a written unsigned statement to any person. Neither avers that any statement he made was formal or informal. An affidavit filed by the Assistant United States Attorney deposes that the government does not have a written signed statement of either defendant. If some investigating officer made notes or memoranda of an interview with defendant, after the commission of the alleged offense, such work product of an investigator is not a paper or document belonging to defendant as contemplated by Rule 16. It is information gathered from conversation which the investigator may preserve by reducing it to writing in the form of notes, or a report or memorandum. Such material cannot be said to "belong" to an interviewed defendant. It is true that at the trial, if such investigator is called as a government witness to testify concerning what a defendant told him, the defendant would be entitled to inspect the report or memorandum, 18 U.S.C.A. § 3500, but, in

---

2. United States v. Berman, D.C.S.D.N.Y. 1959, 24 F.R.D. 26; United States v. Woodner, D.C.S.D.N.Y.1959, 24 F.R.D. 33; United States v. Schindler, D.C.S.D. N.Y.1959, 24 F.R.D. 142; United States v. Schluter, D.C.S.D.N.Y.1956, 19 F.R.D. 372; United States v. Peace, D.C.S.D. N.Y.1954, 16 F.R.D. 423.

3. Cf. Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 845, 11 A.L.R.2d 635.

absence of unusual circumstances not here shown,[4] he is not entitled to inspect, prior to trial, the report or memorandum made by the investigator as a result of an interview.

■ Rule 16 was adopted for the purpose of giving the defendant some measure of discovery. It was limited to discovery of books, papers, documents or tangible objects obtained from or belonging to the defendant. It was further limited by casting upon a defendant the burden of showing, not simply stating, that the items sought may be material to the preparation of his defense and that the request is reasonable. When, as here, a defendant does not show when or to whom he gave a statement, the circumstances attending its preservation, whether it was signed or unsigned, formal or informal, and fails to state facts showing why it may be material to the preparation of his defense, he has not met his burden. The naked motions presented here have the complexion of a general fishing expedition. Cf. Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17, 19–20; Shores v. United States, 8 Cir., 1949, 174 F.2d 838 (a confession); United States v. Kiamie, supra; cases cited in appendix of United States v. Peltz, supra; United States v. Jannuzzio, supra; United States v. Bennethum, supra.

■ Perhaps it should or will eventually be provided that a defendant shall have access to Grand Jury testimony, every report and the entire investigative data contained in the prosecutor's file. But until the Criminal Rules or a statute expressly so state, the court's power under Rule 16 to grant pretrial discovery is limited and its power under Rule 17(c) to issue a subpoena duces tecum for pretrial inspection is confined to evidentiary matter which a defendant may use. Cf. United States v. Spangelet, 2 Cir., 1958, 258 F.2d 338, 340–341; United States v. Peltz, supra, 18 F.R.D. at page 407. In those instances where

4. See footnote 3, supra.

it seems that Rules 16 and 17(c) have been relaxed, generally there has been a specific showing of urgent necessity to prevent unfairness and undue delay, and the court acted on those grounds. Such is not the case here.

The motions for discovery of documents under Rule 16 will be denied.