**UNITED STATES of America**

v.

**Lawrence J. MALONEY.**

**Cr. No. 64–415.**

United States District Court
W. D. Pennsylvania.

June 1, 1965.

See also D.C., 241 F.Supp. 49.

Gustave Diamond, U. S. Atty., and Samuel J. Reich, 1st Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Harold Gondelman, Pittsburgh, Pa., for defendant.

WEBER, District Judge.

Defendant is indicted for income tax evasion for the years 1958 through 1963. On his motion for a Bill of Particulars the Government stated that its prosecution was based upon specific items of omitted income and listed the following witnesses to be produced to testify that they paid money to the defendant: Anthony M. Grosso, Henry H. Katz, Meyer Sigal, Hyman Schwartz, and Marvin D. Walkow. Next, the defendant moved to have the United States Attorney and Assistant United States Attorney withdraw their appearances for the Government because the defendant proposed to call them as witnesses for the defendant to testify as to what inducements, promises or threats were made to the listed government witnesses in an attempt to

secure their testimony, since all were either under arrest, appealing convictions, or awaiting sentences upon convictions in this Court. That motion was denied by this Court as premature before trial, and subject to control of the trial judge. (241 F.Supp. 49, 50)

The present matter arises because the defendant has now served subpoenas duces tecum upon the United States Attorney, the First Assistant United States Attorney, the District Director of Internal Revenue, and the Chief of Intelligence of the Internal Revenue Service for the District.

The duces tecum provision of the subpoenas served on the United States Attorney states:

> "and bring with you all statements, memoranda, reports, correspondence, Grand Jury Minutes, pertaining to the persons named below, reports of the Internal Revenue Service, reports of the Federal Bureau of Investigation, and similar data relating to the defendant, Lawrence J. Maloney, and the following named persons: Anthony M. Grosso, Henry H. Katz, Meyer Sigal, Hyman Schwartz, and Marvin D. Walkow."

The duces tecum clause of the subpoena of the First Assistant United States Attorney is substantially similar.

Two subpoenas were served on John H. Bingler, District Director, Internal Revenue Service, the duces tecum part of which read:

> "and bring with you all statements, investigative files, work sheets, memoranda, summaries of statements, reports of the Intelligence Division and/or Fraud Section for each of the following named persons: Anthony M. Grosso, Henry H. Katz, Meyer Sigal, Hyman Schwartz, and Marvin D. Walkow, as well as the original income tax returns for the years 1958 through 1963, inclusive, and gambling stamp registrations and excise tax returns for lottery or

gambling operations for each of the above named individuals."

and

> "bring with you the files and records in connection with the investigation of the Internal Revenue Service including the Intelligence Division and Fraud Section, concerning the defendant Lawrence J. Maloney."

The duces tecum section of the subpoena served upon Cresson O. Davis, Chief of Intelligence for the Internal Revenue District of Pittsburgh, Pennsylvania, reads:

> "and bring with you all statements; memoranda; reports; correspondence, investigative files; work sheets; summaries of statements; and transcripts of statements of all witnesses interviewed in connection with income tax returns of Lawrence J. Maloney or such documents wherein any reference is made to the defendant Lawrence J. Maloney, by either the witness or agents of the Internal Revenue Service, or any other agent of the United States Government."

The Government has moved to quash the above subpoenas duces tecum, its motion being directed solely to the portion of the subpoenas which purports to command the production of the various documents as set forth therein. The Government alleges that the command of the subpoenas is not limited solely to the production of evidentiary materials; that the command of the subpoenas requires the production of materials not subject to subpoena; that the command of the subpoenas is too broad and sweeping; that it is vague and unspecific and that the command of the subpoenas would include the work product of the United States Attorney.

█ At the argument on the motion to quash, counsel for the defendant attempted to compare the scope of the discovery provisions of the Federal Rules

of Criminal Procedure with those of the Federal Rules of Civil Procedure. We are sure that counsel's remark was confined to the similarity of provisions of Rule 17(c) Fed.R.Crim.P. with Rule 45 (b) of the Fed.R.Civ.P. relating to the production of documents and the requirement of showing good cause therefor, as was specifically noted in his brief. Certainly defendant would resist attempts by the Government to invoke the discovery provisions of the Civil Procedure Rules as to him. The criminal procedure is strictly limited.

■ The defendant is entitled to secure by subpoena from the prosecution those materials to which he is specifically entitled by statute or the Fed.R.Crim.P.

■ With respect to Grand Jury proceedings, the matter is under the strict control of the court at the time of trial, and may be disclosed upon a showing of necessity to the court. The matter is covered by Rule 6(a) of the Fed. R.Crim.P., and the record of such proceedings is not subject to subpoena. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Boyance, 329 F.2d 372 (3rd Cir., 1964) cert denied 377 U.S. 965, 84 S.Ct. 1645, 12 L.Ed.2d 736 (1965).

■ With respect to the statement or report in the possession of the United States made by a government witness or prospective government witness to an agent of the government, the Jencks Act, 18 U.S.C. § 3500(a) provides that it shall not be subject of subpoena, discovery or inspection until such witness has testified on direct examination in the trial of the case. Section (b) of the above cited act provides that after a witness has been called and has testified on direct examination, the Court shall, upon motion of the defendant, order the United States to produce any statement of the witness in the possession of the United States *which relates to the subject matter as to which the*

*witness has testified.* (emphasis supplied). Section (c) provides for inspection by the Court on a claim that the statement or portions thereof do not relate to the testimony given by the witness and the excision of the non-related material under the control of the Court. This is the exclusive method for obtaining such prior statements.

"* * * Statements of a Government witness * * * which cannot be produced under 18 U.S.C. § 3500, cannot be produced at all." Palermo v. United States, 360 U.S. 343 at page 351, 79 S.Ct. 1217, at page 1224, 3 L.Ed.2d 1287 (1959).

This matter must thus be controlled at trial, it is not the subject of subpoena. As the Supreme Court stated in United States v. Palermo, cit. supra, 360 U.S., at p. 353, 79 S.Ct. at p. 1225:

"* * * Final decision as to production must rest, as it does so very often in procedural and evidentiary matters, within the good sense and experience of the district judge guided by the standards we have outlined, and subject to the appropriately limited review of appellate courts."

The defendant's rights of inspection of material in the possession of the government, and his right to issue subpoena for its production at trial are all contained in Rules 16 and 17(c) of the Federal Rules of Criminal Procedure.

Rule 16 provides:

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order

shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

Rule 17(c) provides:

"A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered into evidence and may upon their production permit the books, papers, documents or other objects or portions thereof to be inspected by the parties and their attorneys."

"Rule 16 deals with documents and other materials that are in the possession of the Government and provides how they may be made available to the defendant for his information. * * * Rule 16 provides the only way the defendant can reach such materials so as to inform himself.

But if such materials or any part of them are not put into evidence by the Government, the defendant may subpoena them under Rule 17(c) and use them himself * * * There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears to us why they may not be reached by subpoena under Rule 17(c) as long as they are evidentiary * * *

* * * Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place *before*

trial for the inspection of the subpoenaed materials." Bowman Dairy Co. v. United States, 341 U.S. 214, at pp. 219 and 220, 71 S.Ct. 675, at pp. 678 and 679, 95 L.Ed. 879 (1951).

It is clear that Rule 17(c) applies only to evidentiary material, that which would be admissible in evidence at the trial. United States v. Rothman, 179 F.Supp. 935 (W.D.Pa.1959). This would exclude reports and memoranda of investigating officers, which have no evidentiary value, United States v. Brockington, 21 F.R.D. 104 (E.D.Va., 1957), unless the officer is called as a witness, when they may become evidentiary for the purpose of impeachment. In such case they would be controlled by the provisions of 18 U.S.C. § 3500.

"* * * subpoena duces tecum is not a discovery weapon as such, although it may perhaps at times be in aid of discovery made under Rule 16. Cf. United States v. Bennethum, D.C.Del., 21 F.R.D. 227. Rule 17(c), Federal Rules of Criminal Procedure, 18 U.S.C.A., relates only to the production of documentary evidence and objects. The Rule contemplates, in its broader sense, ' * * * any document or other materials, admissible as evidence, * * *,' Bowman Dairy Co. v. United States, 341 U.S. 214, [71 S.Ct. 675, 679, 95 L.Ed. 879, 885].

* * * Actually, however, the argument before the Trial Court revealed that the subpoena was to have had no such limited function and its issuance was out of a hope that something helpful might turn up. Rule 17(c) is not available for such purpose." Gilmore v. United States, 256 F.2d 565 at p. 568 (5th Cir. 1958).

A striking parallel to some aspects of the instant case is provided by Simms v. United States, 101 U.S.App.D.C. 304, 248 F.2d 626 (1957), where the defendant subpoenaed the Director of the Federal

Bureau of Investigation to bring in the complete files reflecting the criminal records of the witnesses. The Court quashed the subpoena, holding that the recent decision of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1102 (1959) did not resemble this situation. The court held, in considering the effect of the Jencks decision:

> "The Court did not intimate approval of unlimited examination into F.B.I. files in the hope that something might turn up of benefit to the accused. As a matter of fact the Court made amply clear the continued prohibition upon judicial invasion of executive internal memoranda and reports." (p. 630, 248 F.2d).

■ We think that it is incumbent upon the defendant to show good cause for the production of the material requested, that it is evidentiary and relevant, and that a failure to produce it will unreasonably delay the trial. United States v. Rothman, cit. supra, 179 F.Supp. at p. 937; United States v. Jannuzzio, 22 F.R.D. 223 (D.C.Del.1957); United States v. Iozia, 13 F.R.D. 335 (S.D.N.Y. 1952). We think that the subpoena duces tecum must be reasonable and specific. In re Eastman Kodak Company, 7 F.R.D. 760 (D.C.N.Y.1947).

■ Because of the extremely broad language in the duces tecum clauses of each of the subpoenas involved here, and the mixture of material clearly not subject to subpoena, and material which can be produced at trial only after certain circumstances appear, we hold these subpoenas duces tecum to be oppressive and unreasonable. Therefore, under the authority of Federal Rule of Criminal Procedure 17(c) we will order the *duces tecum* provision of each of the subpoenas quashed, the order of the subpoena ad testificandum for each witness for appearance of the witness at the time of trial will remain in effect. The United States, however, is placed upon notice of the intentions of the defendant, and should be ready to meet all proper demands for the production of any material which may become relevant during the course of the trial without unduly delaying the proceedings.