**UNITED STATES of America**

v.

**George Gordon LIDDY et al. (two cases).**
**In re TIMES MIRROR COMPANY**
**(two cases).**

**Appeal of John LAWRENCE.**
**Appeal of Jack NELSON and**
**Ronald J. Ostrow.**

Nos. 72-2210, 72-2211.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 20, 1972.

Decided Dec. 20, 1972.

Mr. J. Roger Wollenberg, Washington, D. C., argued for appellant, Times Mirror Co. with whom Messrs. Timothy B. Dyk and Daniel Marcus, Washington, D. C., were on the motion.

Mr. Herbert J. Miller, Jr., Washington, D. C., argued for appellants, Jack Nelson and Ronald J. Ostrow with whom Mr. Martin D. Minsker, Washington, D. C., was on the motion.

Mr. William O. Bittman, Washington, D. C., argued for appellees.

Before BAZELON, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

## ORDER

PER CURIAM.

On consideration of the emergency motions of the Times-Mirror Company and Jack Nelson and Ronald Ostrow for stay pending appeal, it is

Ordered by the Court that the aforesaid motions are denied.

The denial of this stay is suspended until 5 p. m. Friday, December 22, thereby leaving in effect until that time the order of this Court entered on December 19, 1972, to permit application to the Supreme Court for certiorari if this step is desired. If application for certiorari is made the stay will continue until an order is entered in these cases by the Supreme Court.

Circuit Judge LEVENTHAL would extend the stay in any event until close of business Friday, January 5, 1973, and order that the subpoena be returnable at that time, and subject to the conditions set forth in his opinion filed herewith.

LEVENTHAL, Circuit Judge:

I would extend the stay to close of business Friday, January 5, 1973, in order to provide better opportunity for making application to the Supreme Court. Such opportunity is, I think, particularly appropriate since this case involves an estimate as to the implications for criminal trials of the Supreme Court's opinion last Term in Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972).

In making an estimate of the probability of success on appeal, I begin with the premise that the *Branzburg* decision is controlled in the last analysis by the concurring opinion of Justice Powell (408 U.S. at 709, 92 S.Ct. at 2670) as the fifth Justice of the majority. That opinion holds, as I understand it, that there is no universal constitutional privilege of a newsman to keep confidential the identity of his sources and the content of their revelations. The assertion

of that privilege may, however, come to involve a question under the First Amendment freedom of the press, and in such case there will be need for balancing that assertion against the need for the material in the interest of society, as in a case where a newsman has "reason to believe that his testimony implicates confidential source relationships without a legitimate need of law enforcement." (p. 710, 92 S.Ct. at 2671). That does not require a demonstration of either total lack of legitimacy or utter lack of any possible need, for it may be raised on a claim that the information desired of the newsman has only a "remote" relationship to the subject of the investigation. As to the conduct of the balancing test, Justice Powell made it clear that the judge is "free to balance the competing interests on their merits in the particular case." He stated (p. 710, 92 S.Ct. at 2671):

> The asserted claim to privilege should be judged on its facts by the striking of a proper balance between freedom of the press and the obligation of all citizens to give relevant testimony with respect to criminal conduct. The balance of these vital constitutional and societal interests on a case-by-case basis accords with the tried and traditional way of adjudicating such questions.

*Branzburg's* precise decision was limited to the need of a grand jury, but there are references in the opinion which indicate an intention for applicability to a criminal proceeding. And in a larger sense the grand jury's investigation is part of the functioning of the judiciary branch of the government,[1] as is the conduct of a criminal trial before a petit jury.

In a grand jury context, the First Amendment considerations cannot prevail, *e. g.*, to preclude a witness from giving information as to a crime he has witnessed. But it may require that the trial judge determine that society has an interest in the subject matter of the proceeding that is "immediate, substantial, and subordinating," that there is a "substantial connection" between the information desired of the witness and the overriding interest of society in the subject matter of the investigation—"and that the means of obtaining the information is not more drastic than necessary to forward the asserted governmental interest", an inquiry which might require the proceeding to move forward deliberately, and reflectively, step-by-step. Bursey v. United States, 466 F.2d at 1083.

In a grand jury context there are protections, while such matters are being reflected upon, because of the secrecy of the grand jury—a matter that was made the point of special notation in the *Branzburg* opinion. This indicates that where such a question arises in the context of a criminal proceeding the need of society for public-trial release of the information may require, under the less-drastic means principle, that the need for this first be reviewed and determined in proceedings that are held by the court *in camera*, and with only counsel in attendance as at a side-bar conference.

In the present case, the need of society is asserted by counsel for the defense in a criminal proceeding for impeachment of a government witness. This is a case where the newsman's source is known, and indeed the information was revealed in a first-person interview. This dilutes but it does not remove the First Amendment consideration of the importance to a newsman—and to the information of the public at large, through the press—of the content of the interview obtained under a pledge of confidentiality. Affidavits of John Seigenthaler, Robert J. Manning, James C. Hagerty, Edwin O. Guthman and William F. Thomas. At the same time, it has a bearing on the definition of society's need for the information.

In general, pre-trial statements by a prospective government witness "ripen

---

1.  Bursey v. United States, 466 F.2d 1059, 1082 (9th Cir. 1972).

into evidentiary material for purposes of impeachment if and when, and only if and when, the witness who has made the statement takes the stand and testifies." [2] This is subject to the interest of the court, especially in facing a protracted trial, and here the jury is to be sequestered, to make appropriate pretrial provision, in order to prevent unfairness and avoid undue delay at trial.[3]

Recognizing that this court is not in a position to make definitive rulings at this time, a fair estimate of the result that would be forthcoming on appeal, leads me to conclude that the return date of the subpoena should be postponed to Friday, January 5, 1973, that it should provide that the material will be lodged with the trial court and not be disclosed to counsel prior to the completion of the direct testimony of Mr. Baldwin; that it will not then be released pursuant to the subpoena unless and until the trial judge has made inquiry of the possibility of less drastic means, including at least inquiry of Mr. Baldwin whether he will permit its release,[4] and if not to state the reasons therefor; that the trial judge will have had a pretrial opportunity to consider the matter but he will not provide for release unless he makes a determination at that time (following Baldwin's direct testimony) that there is a need therefor; that the first release will be solely to counsel *in camera*, and there will be no release at public trial until the trial judge determines that there is a need for such public-trial disclosure. Under those circumstances, however, and with such a determination of need, there would appear to be no First Amendment interests that outweigh the need for such disclosure.

---

2. United States v. Rothman, 179 F.Supp. 935, 937 (W.D.Pa.1959); Jencks Act, 18 U.S.C. § 3500.

3. Rule 17(c), F.R.Crim.Proc.; Shores v. United States, 174 F.2d 838, 845 (8th Cir. 1949).

4. This procedure may obviate the need for decision of the constitutional issue.