JIMMIE DODD V. THE STATE.

No. 19296.  Delivered January 26, 1938.
Rehearing denied February 23, 1938.

The opinion states the case.

*Frank Sparks,* of Eastland, for appellant.

*Ben J. Dean,* District Attorney, of Breckenridge, and *Lloyd. W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for one year.

Appellant and his brother, Tom Dodd, were in a cafe when T. T. Lowe, the injured party, entered for the purpose of buying a bottle of beer. While Lowe was drinking his beer the father of appellant and Tom Dodd came into the cafe. Addressing him, Lowe said: "Sit down granddad and have a bottle of beer." According to the testimony of Lowe, either appellant or Tom Dodd asked him: "What did you call the old man?" He replied that he had called him granddad, saying that if he had hurt the "old man's feelings" he was ready to apologize. At this juncture appellant, Tom Dodd, and their father drew their knives and Lowe backed out of the cafe with said parties following him. Upon reaching a truck he procured a crank, and appellant and his other assailants stopped. Lowe testified that he then dropped the crank and knocked Tom Dodd down with his fist. Turning around, he observed that appellant was coming toward him, and he also knocked him down with his fist. He then struck Tom Dodd again and knocked him down. While he was down he kicked him in the ribs. As he was getting into his car to leave the scene of the difficulty he heard some one say: "Look out for the gun." Looking around, he saw that Tom Dodd was in possession of a pistol and that one Bowles was holding the hand in which he held the pistol. In a moment the

pistol was discharged. During the difficulty a piece of iron, called a "boomer," and weighing about five pounds, fell in the street in front of Lowe. Lowe sustained no injuries of any character.

Harvey Harrison, a witness for the State, gave testimony substantially the same as that of Lowe. He said that appellant procured a piece of iron from a truck and threw it at Lowe, appellant being seven or eight feet from Lowe at the time. Paul Bowles, a witness for the State, testified that he saw appellant throw the piece of iron at Lowe. Again, he testified that when Tom Dodd secured the pistol and cocked it he (the witness) grabbed the gun and shoved it down. Appellant did not testify.

In submitting the case to the jury the court instructed them as follows:

"A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury. You are instructed that a pistol is a deadly weapon. You are further instructed that a knife or a 'boomer' are not deadly weapons per se, and before you can find the defendant intended to kill the prosecuting witness T. T. Lowe, you must find and believe from the evidence, that from the manner in which the same was used, that it was an instrument reasonably calculated and likely to produce death or serious bodily injury by the mode and manner of its use, and unless you so find and believe, or if you have a reasonable doubt of the same, you should acquit the defendant and say by your verdict 'not guilty.' "

We think it is manifest that the foregoing instruction eliminated from the case the attempted use of the pistol by Tom Dodd. In short, the jury would not have been warranted, under the charge, in finding appellant guilty of an assault with intent to murder unless they believed that the knives and "boomer" which were used during the difficulty by the appellant and Tom Dodd were deadly weapons. At this point it is observed that there was no testimony concerning the size and length of the blades of the knives. It has already been seen that no wounds were inflicted on the injured party. Hence the rule that the nature of the wounds might be looked to in determining whether or not the weapon, in the manner of its use, was deadly has no application. Again, we are of opinion the testimony failed to show that the "boomer," in the manner of its use by the appellant, was a deadly weapon. In short, we are constrained to hold that the evidence is not sufficient to show that the knives and the "boom-

er" were deadly weapons. Under the circumstances, we are constrained to hold that appellant's contention that the evidence is not sufficient to support a conviction for an assault with intent to murder should be sustained. See Hunt v. State, 250 S. W. 168, and Fregia v. State, 185 S. W. 11. We quote from Sec. 317, Branch's Criminal Law, as follows: "If weapon is not shown to be deadly, or wounds serious, it is not assault to murder, though defendant said he intended to kill; the desire to kill is not proof that weapon was deadly."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Through the Honorable District Attorney of the 90th Judicial District the State has filed a motion for rehearing from which it seems that counsel for the State is under the impression that we failed to consider that the case was submitted under the law of principals, and that appellant, his brother and father were acting together, and if the brother attempted to shoot the assaulted party his act should be considered as the act of appellant.

The trial court apparently eliminated the pistol from the case in so far as appellant was concerned as shown by the charge quoted in our original opinion. Appellant could not be guilty of assault with intent to murder unless he intended to kill, and the court pointedly instructed the jury to acquit appellant unless they found that the "boomer" or knife used by appellant was a deadly weapon. In view of the instruction mentioned we felt compelled to reverse the judgment in the absence of any evidence as to the deadly character of the two weapons—the "boomer" and knife—used by him. It still appears to us that our conclusions were sound.

The motion for rehearing is overruled.