### TOM DODD v. THE STATE.

No. 19540.  Delivered April 20, 1938.

The opinion states the case.

*M. E. Lawrence*, of Eastland, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was found guilty of an assault to murder without malice, and his punishment assessed at confinement for one year in the penitentiary.

This is a companion case to Jimmie Dodd v. State, 113 S. W. (2d) 540, [page 26 of this volume], and the trial court made the same error in this cause as was contained in the Jimmie Dodd case. The trial court said in paragraph fifteen of his charge:

"A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury.

"You are instructed that a pistol is a deadly weapon.

"You are further instructed that a knife or a 'boomer' are not deadly weapons per se, and before you can find that the defendant intended to kill the prosecuting witness, T. T. Lowe, you must find and believe from the evidence that from the manner in which the same was used, that it was an instrument reasonably calculated and likely to produce death or serious bodily injury by the mode and manner of its use, and unless you so find and believe, or if you have a reasonable doubt of the same, you should acquit the defendant and say by your verdict 'not guilty.' "

It would seem therefrom that the trial court authorized a conviction herein upon the use of a pistol, a "boomer" or a knife. The testimony failed to show that the "boomer" used was a deadly weapon, or that the knife used was a deadly weapon; nevertheless the trial court, in substance, authorized the jury to convict upon the use of either one of the three instruments. This is the same error that caused the reversal of the companion case cited above. We quote from the opinion on motion for rehearing therein: "The trial court apparently eliminated the pistol from the case in so far as appellant was concerned, as shown by the charge quoted in our original opinion. Appellant could not be guilty of assault with intent to murder unless he intended to kill, and the court pointedly instructed the jury to acquit appellant unless they found that the 'boomer' or knife used by appellant was a deadly weapon. In view of the instruction mentioned, we felt compelled to reverse the judgment in the absence of any evidence as to the deadly character of the two weapons—the 'boomer' and knife—used by him. It still appears to us that our conclusions were sound."

It will readily be seen from the above that the court authorized a conviction mainly upon the use of the "boomer" and the knife without any proof regarding their character as deadly weapons. There was testimony relative to the use of the pistol, and its deadly character, and had the court submitted such case

on the pistol alone, we can readily see the justice of such position, but he should not have coupled all three weapons and authorized a conviction thereon as he did in the above quoted paragraph fifteen of his charge, unless there was proof in the record showing that such instruments were deadly weapons.

Thus believing, this judgment is reversed and the cause remanded.