STATE OF DELAWARE v. THEODORIC THOMPSON.
STATE OF DELAWARE v. LUCIUS GLOVER.
STATE OF DELAWARE v. SAMUEL BENNETT.

(*July* 10, 1957.)

HERRMANN, J., sitting.

*Frank O'Donnell, Jr.*, Deputy Attorney-General, for the State.

*Joseph H. Flanzer* and *Aubrey B. Lank* for the defendant, Thompson.

*Clarence W. Taylor* and *Louis J. Finger* for the defendant, Glover.

*Stephen E. Hamilton, Jr.,* for the defendant, Bennett.

Superior Court for New Castle County, Nos. 107, 299 and 110, Cr. A., 1957.

HERRMANN, J.:

These are three separate cases in which each defendant is charged with murder in the first degree.

As a result of the recent decision of the United States Supreme Court in *Jencks v. United States*, 77 S. Ct. 1007, a motion was filed by the defendant in each case requesting pre-trial inspection of various documents and objects in the possession of Attorney General or of the police. The State has consented to produce certain of the items requested but contests the right of the defendants to pre-trial disclosure of (1) statements of prospective witnesses, written or otherwise recorded, now in the possession of the Attorney General, and (2) police reports made in the course of their criminal investigations. In the Thompson case, the State also opposes the defendant's motion for pre-trial inspection of the results of polygraph tests, blood tests and fingerprint examinations now in the possession of the Attorney General.

Because of the common questions involved, the motions in the three cases have been consolidated for argument and decision.

The defendants contend that, in the *Jencks* case, the United States Supreme Court has held that due process of law requires that they be granted the disclosures they here seek. We disagree.[1]

---

[1]Because of the conclusion we reach, we may assume without deciding that the *Jencks* ruling is binding upon us.

Pre-trial discovery was not involved in the *Jencks* case. That case dealt with the credibility and the impeachment of witnesses at the trial. There the trial was underway and two witnesses had been called to the stand by the Government. These witnesses had made reports previously to the F.B.I. regarding the matters about which they testified at the trial upon direct examination. The trial judge denied the defendant's motions that the Government be required to produce the F.B.I. reports for inspection and use by defense counsel during cross-examination of the two witnesses. Denial of that motion by the trial judge was the error pronounced by the Supreme Court in the *Jencks* case.

As we read the Opinions in that case, the Supreme Court held that when the prosecution calls a witness to the stand, it accepts the obligation of disclosing to the defendant, for impeachment purposes, any prior statement of the witness that the prosecution may have. This obligation to produce does not arise under the *Jencks* ruling, however, until the credibility of the witness has become an issue during the trial of the cause.

The holding in the *Jencks* case goes no further and we decline to read more into it. We find nothing in the Opinions requiring that the Court's ruling be applied to pre-trial discovery. There is no reference to Rule 16 of the Federal Rules of Criminal Procedure, 18 *U. S. C. A.*, the Rule governing pre-trial discovery, and any language in the Opinions, that may seem to relate to pretrial discovery, must be considered *dicta* to that extent.

This Court has held heretofore that the type of disclosures sought by the defendants are not authorized by our Criminal Rule 16, *Del. C. Ann.* which is the same as Rule 16 of the Federal Rules of Criminal Procedure except for the words in italics:

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the Attorney General to permit the defendant to inspect and copy or photograph designated books, papers, documents, tangible objects, *confessions or written statements* obtained from or belong-

ing to the defendant or a co-defendant or obtained from others by seizure or by process upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies and photographs and may prescribe such terms and conditions as are just."

We are cognizant that the defendants' interpretation of the *Jencks* case apparently finds support in the recent action of the United States District Court for the District of Columbia in *United States v. Frank* and *United States v. Hoffa* (June 20, 1957, unreported) wherein pre-trial disclosure of F.B.I. reports was ordered upon the basis of the *Jencks* case. We also note, however, the contrary interpretation of the *Jencks* case by the United States District Court for the Southern District of New York in *United States v. Benson, D. C.,* — *F. R. D.* —, with which we agree.

■ We are of the opinion, therefore, that the pretrial disclosures sought here are neither required by due process nor authorized by our Rules and that the *Jencks* case is not authority for the defendants' applications.

■ The defendants contend further that this Court has inherent power to order the discovery they seek even though there is no Rule of Court specifically authorizing it. See *Shores v. United States,* 8 *Cir.,* 174 *F.* 2d 838, 845, 11 *A. L. R.* 2d 635; 67 *Harv. L. Rev.* 492, 498-500. Assuming the existence of such inherent power, we find no sufficient reason for the grant of extraordinary pre-trial discovery in these cases. Moreover, we think it inadvisable to enlarge existing practice and procedure, which is limited by a specific Rule, by the exercise of inherent power on a case-to-case basis. Compare *United States v. Peltz, D. C. S. D. N. Y.,* 18 *F. R. D.* 394.

Accordingly, it is held that the pending motions for inspection must be denied.

Order on notice.