**UNITED STATES of America,**

v.

**Anthony M. PALERMO, Defendant.**

United States District Court
S. D. New York.

Aug. 23, 1957.

Paul W. Williams, U. S. Atty., New York City, Earl J. McHugh, Asst. U. S. Atty., New York City, of counsel, for United States.

Wyllys S. Newcomb, New York City, for defendant.

FREDERICK VAN PELT BRYAN, District Judge.

The defendant is charged in a three count indictment under Section 145(b) of the Internal Revenue Code of 1939, 26 U.S.C. § 145(b), with wilfully attempting to evade certain income taxes for the years 1950 through 1952 by filing false and fraudulent returns.

Defendant served upon the Government a subpoena duces tecum calling for the production prior to trial of all written reports and summaries of oral reports of named and unnamed Internal Revenue Agents and Special Agents concerning the subject matter of the indictment, transcripts of their testimony before the Grand Jury, all written reports, affidavits and statements made to the Government by the two accountants for the defendant who prepared the income tax returns called into question by the indictment, and transcripts of their testimony before the Grand Jury. Defendant then moved, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., for an order compelling the United States Attorney to produce and make available for inspection before trial the material called for by the subpoena. The Government in turn moved to quash the subpoena pursuant to the same rule.

Defendant has prudently modified his broad demands so as to limit them to reports and statements of two named Special Agents who investigated this mat-

ter, and the statements and reports as to the statements of the two accountants. The motion to compel disclosure as so modified and the motion to quash, both raising the same issues, have been heard together.

It has been regarded as well settled that a defendant in a criminal case is not entitled to pre-trial inspection of statements of prospective prosecution witnesses. United States v. Iozia, D.C.S. D.N.Y., 13 F.R.D. 335; United States v. Kiamie, D.C.S.D.N.Y., 18 F.R.D. 421; United States v. Peace, D.C.S.D.N.Y., 16 F.R.D. 423; United States v. Bryson, D.C.N.D.Cal., 16 F.R.D. 431; United States v. Carter, D.C.D.C., 15 F.R.D. 367; United States v. Brown, D.C.N.D. Ill., 17 F.R.D. 286; cf. United States v. Schluter, D.C.S.D.N.Y., 19 F.R.D. 372.

▅▅▅ Defendant does not seriously urge that this has not been the rule up to now. Nor would such an argument avail him. The only rights of pre-trial discovery given to a defendant in a criminal case are those in Rules 16 and 17(c) of the Federal Rules of Criminal Procedure. Rule 16 relating to the inspection of papers and objects in the hands of the Government belonging to the defendant or obtained by seizure or process is plainly not applicable here. The last sentence of Rule 17(c) authorizes the court, in its discretion (see United States v. Ward, D.C.S.D.N.Y., 120 F. Supp. 57, 59), to direct the production of subpoenaed material prior to trial for good cause shown. One of the elements of good cause is that the material must be "evidentiary and relevant." United States v. Iozia, supra, 13 F.R.D. at page 338; Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879. Statements made by prospective witnesses for the Government are not "evidentiary" at the pre-trial stage. They may ripen into evidentiary material for purposes of impeachment if and when, and only if and when, the witness who has made the statement takes the stand and testifies.

The defendant only then is entitled to inspect statements given to the Government by such a witness concerning the subject matter of his testimony or reports concerning such statements for the purpose of impeaching credibility if he can. United States v. Brown, supra; Jencks v. United States, 1957, 77 S.Ct. 1007, 1 L.Ed.2d 1103.

There is a great difference between permitting an accused, in advance of trial, to have inspection of statements of witnesses taken by the prosecution, and permitting him to use such statements to impeach the credibility of a Government witness who has actually taken the stand. See United States v. Krulewitch, 2 Cir., 145 F.2d 76, 78. In the former case inspection is not permitted. In the latter case, even prior to the Jencks case, supra, it was settled in this and other districts, that such statements could then be shown to the defense, upon a proper foundation being laid and after inspection by the court, if the court determined that they did in fact bear on the credibility of the witness. See, e. g., Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447; United States v. Krulewitch, supra; United States v. Cohen, 2 Cir., 145 F.2d 82. The Jencks case merely expanded that rule so as to permit defense counsel, initially, rather than the court, to inspect such statements and to determine for themselves what use may be made of them to discredit the witness.

The defendant's argument here, however, is that the Jencks case places a different aspect on the hitherto well-settled rule denying defendants in criminal cases the right to inspect statements of prospective prosecution witnesses. He asserts that at least two of the witnesses from whom the Government has taken statements—his own two accountants who prepared the questioned income tax returns—will necessarily be called by the Government at the trial in order to make out a case. Arguing from this premise, defendant contends that, since, under the

Jencks case, he will be entitled to inspect the statements of such witnesses in the hands of the Government when they are put on the stand he should necessarily be allowed to have such inspection before trial under Rule 17(c), F.R.Crim.P.

■ The defendant's premise that these witnesses will necessarily be called by the Government cannot be substantiated. Indeed, the United States Attorney on the argument stated that the Government had not yet determined what witnesses it would call at the trial, and was not committed to calling either the two accountants or the two Special Agents. This is the Government's privilege, and, indeed, it may not be required, except possibly in a capital case, even to furnish the names of its witnesses in advance of trial. United States v. Carter, supra.

But even were I satisfied that defendant's diagnosis of the absolute necessity for the Government to call these witnesses is correct, his argument would not persuade me. The Jencks case does not expand or change any of the rules or principles with respect to pre-trial procedure in criminal cases, nor does it authorize the inspection which defendant now seeks.

There appears to be widespread misapprehension in many quarters as to the scope and effect of the Jencks case. It is time that such misapprehensions were laid at rest.

The Jencks case does not introduce any revolutionary principles into the trial of criminal cases. The case enunciates a simple, fair and quite limited rule. It holds that where the prosecution places a witness on the stand the defense is entitled to inspect statements or reports in the Government's possession concerning the subject matter of such witness' testimony for the purpose of determining whether they can be used by the defense to impeach his credibility. This applies whether the witness be a federal agent, an informer, or a member of the general public.

The innovation in the Jencks decision, as I have indicated, is that counsel for the defense are permitted themselves to make the inspection in the first instance, without the necessity of laying a preliminary foundation of inconsistency and of having the court inspect the statements *in camera* to determine what portions should be made available to the defense. The Jencks case also approves the prior holdings in this circuit in such cases as United States v. Beekman, 155 F.2d 580, United States v. Andolschek, 142 F.2d 503, and cf. United States v. Krulewitch, supra, that if the Government, on the ground of privilege, chooses to retain such material in confidence it must risk the penalty of a dismissal.

Since the Jencks case was decided there has been understandable zeal on the part of defense counsel to extend the decision far beyond what the court held. These attempts have been to some extent responsible for misapprehensions concerning the scope and effect of the decision. Most of these attempts have been unsuccessful and in most cases the district courts have properly held that the Jencks case was limited to a situation where a specific prosecution witness had taken the stand and the defense sought to impeach his credibility on cross-examination, e. g., United States v. Benson, D.C.S.D.N.Y.1957, 20 F.R.D. 602; United ed States v. Grossman, D.C.N.J.1957, 154 F.Supp. 813. However, this has not been uniformly so, e. g., United States v. Hall, D.C.W.D.Ky.1957, 153 F.Supp. 661.

The zealous counsel for the defense in the case at bar is making another such attempt here by arguing, on the basis of the Jencks case, that defendant is entitled to inspect before trial statements of witnesses whom, he says, the Government necessarily will call. There is no merit in his argument.

In my view the Jencks case does not make any changes in pre-trial procedure in criminal cases by implication or other-

**15**

wise. The case deals solely with problems arising when, and only when, the prosecution has placed a witness on the stand and his credibility is therefore in issue.

As my brother Palmieri pointed out in his recent well-considered opinion in United States v. Benson, supra, in denying a motion by defendant for pre-trial inspection of the statements of prospective Government witnesses:

> "Indeed, the very touchstone of the Jencks decision is the issue of credibility of the witness at the trial. Before the defense is entitled to disclosure of any statements made by a Government witness for the purpose of discrediting him, the credibility of the witness whose prior statements are sought must be in issue. * * *.

> "But I do not understand it [the Jencks holding] to mean that the vast horizon of pre-trial disclosure, in the sense urged upon me on this motion, is now available to defense counsel in criminal cases. Since there is no trial in progress and since, necessarily, no witnesses have been called to testify, there is no present issue of credibility which can justify the disclosure sought by the defendants."

The well established rule in criminal cases that defendant is not entitled to inspect statements of prospective prosecution witnesses prior to the trial has not been affected by the Jencks case, and remains unimpaired and in full force and effect. Erosion of that rule would give defendants, already protected against discovery by the Government by their privilege against self-incrimination, an undue advantage over the prosecution. It would encourage defendants to cut their cloth to the prosecution's case and would open the door to perjury or intimidation of prosecution witnesses. In my view such erosion would seriously impair the processes of law enforcement.

If attempts by counsel for the defense to expand the Jencks decision beyond its plain scope, meaning and effect are successful the "veritable Pandora's box of troubles" anticipated by Mr. Justice Clark in his dissenting opinion would indeed be opened. But I do not believe that there will be any such results if the Jencks case is properly applied and limited in accordance with its holding.

The defendant's motion to compel production is denied without prejudice to a renewal at the trial and the Government's motion to quash the subpoena duces tecum is granted.