STATE OF DELAWARE v. HARVEY N. HUTCHINS.

(*December* 13, 1957.)

HERRMANN, J., sitting.

*James B. Messick*, Deputy Attorney-General, for the State.

*James H. Hughes, III*, and *Harold Schmittinger* for the defendant.

Superior Court for Kent County, No. 38, Cr. A., 1957.

HERRMANN, J.:

The pending motion requires inquiry into the purpose and scope of Criminal Rule 17(c)[1] of this Court, *Del. C. Ann.*

The defendant is charged with the murder of his wife on July 27, 1957. Under Rule 17(c), he has moved for pre-trial production and inspection of the following documents in the possession of the State:

"1) Report on the results of the analysis[2] of the samples of blood of the defendant taken on the night of July 27, 1957 or the early morning of July 28, 1957.

---

[1] Our Criminal Rule 17(c) is the same as *Federal Rules Crim. Proc.* Rule 17(c), 18 *U. S. C. A.* and provides as follows:

"(c) *For Production of Documentary Evidence and of Objects.* A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected and copied by the parties and their attorneys."

[2] Analysis made to ascertain the amount of alcohol, if any, in the blood of the defendant.

"2) Written statement of Robert Hutchins, son or foster son of the defendant and deceased, relating to the events of July 27, 1957.

"3) Written statements of all other prospective witnesses for the State at the trial of the above cause."

Defense counsel state that they should be permitted to inspect the report of the blood test because if it shows that the defendant was highly intoxicated it may "tend to establish a defense". They assert that the written statements of Robert Hutchins and other prospective witnesses should be made available to them before trial for the purpose of (1) refreshing the recollection of the witness if he is to be called by the defense or (2) allowing advance preparation for impeaching the witness if called by the State.

The language of Rule 17(c), like that of its Federal counterpart, has proved to be troublesome. It has given rise to doubt and confusion regarding the interrelationship of Rules 16 and 17 and the extent of pre-trial discovery to be allowed in criminal cases under the Rules.[3]

 Since we adopted Federal Rule 17(c) verbatim, we may look to the Federal authorities for guidance in construing the Rule.

---

[3] Criminal Rule 16 provides as follows:
"Rule 16. Discovery And Inspection
"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the Attorney General to permit the defendant to inspect and copy or photograph designated books, papers, documents, tangible objects, *confessions or written statements* obtained from or belonging to the defendant or a co-defendant or obtained from others by seizure or by process upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies and photographs and may prescribe such terms and conditions as are just."
It is the same as Federal Rule 16 except for the italicized words.

The purpose and scope of Federal Rule 17(c) has been explained as follows by George H. Dession, a member of the Advisory Committee which drafted the Federal Rules of Criminal Procedure:[4]

"This provision invites an exception to the 'normal' practice in the handling of documents produced in response to a subpoena *duces tecum*. Normally, 'the books and other things called for would merely be brought into court at the time of the trial, let us say immediately before they are to be offered in evidence, * * *,' * * * This normal practice makes sense in cases of no more than average complexity which can in any event be tried in from one to five days. * * * Given but a few relevant documents * * *, it is perfectly feasible to call for them and see them for the first time in open court * * *. In federal practice, however, one must also envisage trials which involve thousands of documents, and consume many months of trial. Most major anti-trust proceedings are of this description, as are various classes of cases arising under other industry-regulation statutes.

"The only practicable solution, if such cases are to be tried before courts, is a subpoena practice which permits of a sifting in advance of trial of the documents actually to be offered in evidence. * * *."

The interrelationship of Federal Rules 16 and 17 has been considered by the United States Supreme Court in *Bowman Dairy Co. v. United States*, 1951, 341 *U. S.* 214, 71 *S. Ct.* 675, 679, 95 *L. Ed.* 879, where it is stated:

"It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena *ad testificandum* and *duces tecum*, which may be issued by the clerk, with the provision that the court may direct the materials

---

[4]See *Dession, The New Federal Rules of Criminal Procedure: II*, 56 *Yale Law Journal*, 197, 221 (1947).

designated in the subpoena *duces tecum* to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials. \* \* \*. However, the plain words of the Rule are not to be ignored. They must be given their ordinary meaning to carry out the purpose of establishing a more liberal policy for the production, inspection and use of materials at the trial.

"\* \* \*. In short, any document or other materials, admissible as evidence, obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena. \* \* \*."

In *United States v. Carter, D. C. D. C.* 1954, 15 *F. R. D.* 367, 369, Judge Holtzoff, another member of the Advisory Committee which drafted the Federal Rules, made the following statement:

"\* \* \*. Rule 17, however, is not intended as a discovery rule. The Advisory Committee in drafting the Rules indicated, by the manner in which Rule 16 is circumscribed and safeguarded, that only a narrow discovery should be permitted in criminal cases. Rule 17 relates to the issuance of subpoenas. Rule 17(c) deals with subpoenas *duces tecum* and is for the most part a restatement of preexisting law. It makes an addition, however, to the effect that the court *may* direct that a subpoena *duces tecum* be returnable prior to the trial, and *may* permit the documents and objects that have been subpoenaed to be inspected on the return day. The purpose of this Rule was not to grant additional discovery, but merely to facilitate and expedite trials, in order that a trial may not be delayed while counsel are examining voluminous documents produced in response to subpoena. It was contemplated that a Rule such as this would be particularly helpful in protracted trials in which there is a mass of documentary evidence, such as antitrust cases, mail

fraud cases, and other similar proceedings. * * *. To construe Rule 17 as a discovery rule would render Rule 16 nugatory and meaningless and would defeat its limitations.

"* * *. A subpoena *duces tecum* may not be used for the purpose of discovery, either to ascertain the existence of documentary evidence, or to pry into the case of the prosecution. * * *."

After reviewing the *Bowman* case and drawing upon his extraordinary knowledge of the background of the Rules here involved, Judge Holtzoff made the following summary of the principles to be applied in construing Rule 17(c) : (15 *F. R. D.* 371)

"1. Discovery in criminal cases in the Federal courts is governed by Rule 16 of the Federal Rules of Criminal Procedure. Rule 17(c) is not a discovery rule but a device whereby a subpoena *duces tecum* in a criminal case may be made returnable prior to the trial, and the subpoenaed documents or objects made subject to inspection by counsel on the return day.

"2. Whether an application under Rule 17(c) should be granted is within the sound discretion of the trial court.

"3. Rule 17(c) is applicable only to such documents or objects as would be admissible in evidence at the trial, or which may be used for impeachment purposes.

"4. Rule 17(c) does not extend broadly to statements of witnesses, since such statements are not admissible in evidence. While they may be invoked for impeachment purposes, such use may be made only in the event that the witness testifies at the trial. The Government does not necessarily call at the trial all witnesses from whom it has obtained statements, or always decide in advance exactly what witnesses it will present, since this matter is frequently governed by the exigencies of the trial. * * *."

See also The Scope of Criminal Discovery Against the Government (1954) 67 *Harv. L. Rev.* 492, 494-498; Pre-Trial Dislosure in Criminal Cases (1951) 60 *Yale L. J.* 625, 629.

■ It is clear from the foregoing that Rule 17(c) is not a pre-trial discovery Rule and that we must guard against its being used as such, thus rendering Rule 16 meaningless.[5] In *U. S. v. Bennethum, D. C. D. Del.* 1957, 21 *F. R. D.* 227, Judge Layton recently recognized the limitations to be placed upon Rule 17(c) in order to avoid its improper conversion into a pre-trial discovery Rule.

■■ Generally speaking, Rule 17(c) may be properly invoked only for the procurement of documentary evidence and for the production of documents which are admissible in evidence at the trial. Application of this principle impels denial of the motion now before this Court. Obviously, neither the written report of the blood analyst nor the written statements of witnesses will be admissible in evidence at the trial except, perhaps, for impeachment purposes.

■ As to the request to examine the documents for the purpose of preparation in advance for impeachment, it is now settled in this jurisdiction that the State may be required to produce at the trial a prior written statement of a witness after he has been called to the stand by the State and his credibility has been put in issue. It is clear, however, that this right does not arise until the time of trial and that pre-trial disclosure for impeachment purposes should not be directed. See *Wisniewski v. State, Del.,* 138 *A.* 2d 333; *State v. Thompson,* 11 *Terry* 456, 134 *A.* 2d 266; compare *Jencks v. U. S.,* 353 *U. S.* 657, 77 *S. Ct.* 1007, 1 *L. Ed.* 2d 1103.

Accordingly, the motion for pre-trial production of documents will be denied.

---

[5]It is noteworthy that the same type of discovery sought here has been denied under Rule 16. See *State v. Thompson,* 11 *Terry* 456, 134 *A.* 2d 266.