UNITED STATES of America, Plaintiff,

v.

David Lee TELLES, Defendant.

Crim. No. 13848.

United States District Court
N. D. California, N. D.

Feb. 14, 1964.

Robert E. Woodward, Asst. U. S. Atty., Sacramento, for plaintiff.

Charles Y. Boeggeman and Robert Carl Anderson, Sacramento, for defendant.

HALBERT, District Judge.

Defendant has been indicted for the crime of murder on a Government reservation (Title 18 U.S.C. § 1111). He has moved for an order directing the United States Attorney to produce and permit defendant and his attorneys to inspect and copy or photograph various articles. This motion is governed by the provisions of Rule 16, Federal Rules of Criminal Procedure, which states that,

" * * * the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable."

Defendant's motion is in nine parts, each part seeking to discover a separate article or category of articles. Parts 1, 2, and 4 seek to discover laboratory reports made by the Government on defendant's clothing; an autopsy report made on the body of the victim; and other scientific reports including fingerprints, blood tests, and plaster casts. Rule 16 makes no provision for the discovery of such reports; they are not "obtained from or belonging to the defendant or obtained from others by seizure or by process" (Cf. United States v. Tirado, D.C., 25 F.R.D. 270; and United States v. Chandler, D.C., 7 F.R.D. 365). For the same reason, the photographs of the victim and of the scene of the crime,

sought in part 5 of the motion, are not discoverable under Rule 16 (Cf. Monroe v. United States, 98 U.S.App.D.C. 228, 234 F.2d 49).

In part 3, defendant seeks to inspect and copy or photograph unsigned statements allegedly made by defendant and adopted or approved by him. The courts have split on the question of whether the statements made by the defendant are discoverable under Rule 16 (Compare United States v. Peltz, D.C., 18 F.R.D. 394, with United States v. Peace, D.C., 16 F.R.D. 423). The view which appears to this Court to be the more consistent with the wording and history of Rule 16 is that expressed in United States v. Peltz, supra, and adopted by most of the courts which have considered the problem (See: Discovery in Federal Criminal Cases, 33 F.R.D. 47, 107).

A statement of a defendant made to arresting officers or agents of the United States has not been "obtained from" the defendant, nor does it "belong to" him, within the meaning of Rule 16 (Shores v. United States, 8 Cir., 174 F.2d 838; and United States v. Peltz, supra). Accordingly, defendant may not be allowed to discover under Rule 16 the unsigned statements allegedly made by him.

Defendant seeks in part 7 of his motion to discover any statements made by third party witnesses. Title 18 U.S.C. § 3500 provides the exclusive means of compelling the production of statements of prospective Government witnesses made to a Government agent (Palermo v. United States, 360 U.S. 343, 350, 79 S.Ct. 1217, 3 L.Ed.2d 1287). The pertinent part of § 3500 reads as follows:

"(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) to an agent of the Government shall be the subject of subpena, discovery,

or inspection until said witness has testified on direct examination in the trial of the case."

Rule 16 may not be used to discover such statements at the pre-trial stage (United States v. Palermo, D.C., 21 F.R.D. 11). Hence, the statements of third party witnesses may not be discovered by defendant at this time.

■ Part 8 of defendant's motion seeks to discover "all books, papers, documents, and tangible objects relating to the within cause and in possession of the Government, which items were obtained from the defendant or belonged to the defendant or were obtained from others by seizure or process." Defendant has employed the language of Rule 16 in this part of his motion, except that defendant seeks "*all*" books, etc., whereas the Rule provides for discovery of "*designated*" books, etc.

Rule 16 allows discovery of appropriate items only "upon a showing that the items sought may be material to the preparation of (defendant's) defense and that the request is reasonable." Where defendant's motion is in the form of a blanket request, as here, some showing of materiality and reasonableness is required other than the bare allegation that the items sought are material and that the request is reasonable (United States v. Smith, D.C., 209 F.Supp. 907, 913; and United States v. Wortman, D.C., 26 F.R.D. 183, 196). The only attempt which defendant has made to show the materiality and reasonableness of his request in part 8 of his motion is in the recital by his attorneys to that effect in their notice of motion for discovery. Such recitals are insufficient to make the requisite showing.

In United States v. Greater Blouse, etc., Contractors' Ass'n, D.C., 177 F. Supp. 213, it was held that a specific showing of materiality and reasonable-ness was unnecessary where the documents in the possession of the Government were too numerous for defendant to identify and where the evidence to be offered by the Government at trial was likely to consist largely of documentary proof. There is no contention in the instant case, however, that the documents sought are numerous or that the Government's case is likely to consist of documentary proof.

■ In part 6, defendant seeks to inspect and copy or photograph a list of the names of the witnesses the Government intends to use at trial. Title 18 U.S.C. § 3432 entitles defendant to a list of said witnesses at least three days before trial. Defendant's motion is premature, however, at this time. A trial date has not yet been set in this case. It is entirely possible that the Government may not yet know what witnesses it will use at the trial.

Accordingly, defendant's motion for an order directing the United States Attorney to produce and permit defendant and his attorneys to inspect and copy or photograph a list of the names of the witnesses the Government intends to use at trial will be denied at this time without prejudice. It may be renewed at an appropriate time after the trial date has been fixed.

Defendant has moved in part 9 to discover any statements signed by the defendant. The Government, in its subsequent memorandum states that it has already provided these statements to defendant's counsel. The question is therefore moot, and there is no need for the Court to make a ruling on this point.

It is, therefore, ordered that defendant's motion for discovery and inspection be, and the same is, hereby denied, in accordance with the foregoing memorandum.