SMITH, Judge.
The state appeals an order quashing an information charging the defendant with perjury in violation of Section 84.08 of the Uniform Mechanics’ Lien Law, Fla.Stat., 1961, F.S.A. We reverse on the ground that an information which charges perjury substantially in the language of the statute and which additionally alleges that the defendant “unlawfully and willfully” furnished the false affidavit “knowing” that the person to whom it was furnished “might rely on same” need not expressly allege an “intent to defraud.”
Section 84.08, Fla.Stat., 1957, made it perjury, among other things, for:
(1) Any person
(2) To furnish to an owner
(3) With intent to defraud
(4) A contractor’s statement to an owner when final payment became due stating that all lienors had been paid in full or showing the name of each lienor not paid in full and the amount due or to become due
(5) Knowing that such statement or any material part was false.
Section 84.08 was amended by § 1, Ch. 59^405, which modified it, among other things, by expressly including firms or corporations and by deleting as an explicit requirement an intent to defraud. Further, the amendment broadened the statute by rendering it applicable to any affidavit furnished in connection with construction or improvement of real property in Florida. Finally, it narrowed the statute by requiring that something of value be parted with in reliance upon the affidavit. As so modified, Section 84.08, Fla.Stat., 1959 and 1961, F.S.A., made it perjury for:
(1) Any person, firm or corporation
(2) To furnish to any other person, firm or corporation
(3) An affidavit containing a false statement in connection with construction or improvement of real property in Florida
(4) Where the one to whom the affidavit was furnished parted with anything of value in reliance upon the truth of such statement as an inducement.
The corresponding section of the revised mechanics’ lien law, Section 84.351, Fla. Stat., 1963, F.S.A., broadens the statute by making it an offense to “make or furnish” a similar affidavit. The revision also modifies the statute by expressly adding that the offender must “willfully” make or *733 furnish the false affidavit “knowing that the one to whom it was furnished may rely on it.”
The information in question charges an offense substantially in the language of Section 84.08, Fla.Stat., 1959 and 1961, F.S.A., supra. Additionally, it alleges that the defendant “unlawfully and willfully” furnished the false affidavit “knowing” that the person to whom it was furnished “might rely on same.” The court quashed the information on the ground that it failed expressly to allege an intent to defraud.
While Section 84.08, Fla.Stat., 1959 and 1961, F.S.A., did not expressly require an allegation of knowledge or intent, the nature of the crime and the penalty imposed (twenty years imprisonment) lead us to conclude that knowledge or intent is an essential ingredient implicit in the offense.[1] The allegations that the defendant “unlawfully and willfully” furnished the false affidavit in question “knowing” that the person to whom it was furnished “might rely on same” sufficiently allege this essential ingredient.[2] Under the circumstances and in view of the 1959 amendment deleting “intent to defraud” from the statute, it was not necessary for the information also to allege such intent.[3]
The court quashed the information on the further ground that it failed to allege whether the defendant was an “architect, landscape architect, contractor, subcontractor or other person.” For the reasons set forth in our opinion filed this date in companion case No. 5361, Fla.App.1965, 177 So.2d 724 and for the additional reason that the perjury statute, unlike the embezzlement statute involved in that case, makes no reference to the status or capacity of an offender, we conclude that it was not necessary to allege such capacity or status.
The order appealed also directs the state to (1) disclose to the defendants the names of the persons it intends to use as witnesses at the trial, (2) submit for inspection and copying by the defendants all sworn statements of such witnesses taken by the state, and (3) similarly submit all documents and legal papers which the state intends to use at the trial. We treat the state’s assignments of error and points on appeal pertaining to the discovery portions of the order as the state’s petition for certiorari as we did in the companion case, No. 5361, 177 So.2d 724. We adopt that part of our opinion in that companion case as our opinion here as it pertains to the questions of discovery.
The order quashing the information is reversed; certiorari also is granted and that part of the order which requires the state to permit inspection and copying of all sworn statements of persons whom the state intends to use as witnesses at the trial is quashed.
ALLEN, C. J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.

. Cf. Section 837.01, Fla.Stat., 1963, F.S.A.: “Whoever, being duly authorized or required by law to take oath or affirmation, not in a judicial proceeding, wilfully swears or affirms falsely in regard to any material matter or thing, respecting which such oath or affirmation is authorized or required, shall be deemed guilty of perjury, and shall be imprisoned in the state prison not exceeding twenty years.”

. See 25 Fla.Jur., Perjury § 4.

. Section 906.25, Fla.Stat., 1963, F.S.A.:
“No • * * information shall be quashed * * * on account of any defect in the form of the * * * information * * * unless * * * the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.”