433 P.2d 65

STATE of Arizona ex rel. Robert K. COR-BIN, County Attorney of Maricopa County, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA and Honorable Donald F. Daughton, as Judge of Division No. 2 thereof, Russell Floyd Long, real parties in interest, Respondents.

No. 1 CA–CIV 668.

Court of Appeals of Arizona.

Oct. 31, 1967.

Rehearing Denied Dec. 19, 1967.
Review Denied Feb. 15, 1968.

Darrell F. Smith, Atty. Gen., N. Warner Lee, Deputy Maricopa County Atty., Phoenix, for petitioner.

Lewis, Roca, Beauchamp and Linton, by Roger W. Kaufman and Charles D. Roush, Phoenix, for respondents.

HATHAWAY, Chief Judge.

■ Review of a Maricopa County Superior Court order is sought in these certiorari proceedings instituted by the State of Arizona. It is contended by the State that the respondent judge exceeded his jurisdiction and abused his discretion in granting an order for production, inspection and copying, of the transcript of a statement given to the Maricopa County Attorney. The availability of the extraordinary remedy of certiorari is not disputed by respondents. The State has no remedy unless extraordinary relief be granted. State ex rel. Mahoney v. Superior Court, 78 Ariz. 74, 275 P.2d 887 (1954). Accordingly, we have issued a writ of certiorari.

The subject order for discovery was entered in a criminal cause pending in Maricopa County Superior Court, State v. Russell Floyd Long, No. 51950. The defendant filed a motion to suppress the testimony of one Robert Glenn Hyatt or in the alternative for an order allowing the defendant to inspect and copy a certain transcript or statement dated April 13, 1967 and April 14, 1967, reported by a court reporter. The transcript purportedly contained certain statements of Hyatt and agreements relative to granting him immunity or leniency in exchange for his testimony at the defendant's trial.

Attached to this motion were various exhibits: copies of newspaper articles allegedly prejudicial to defendant which referred to Hyatt as a "star witness" for the State and a copy of a superior court order for production of Hyatt's statement, granted in another criminal cause.

At the hearing on the motion, Hyatt testified that he had made a statement, recorded by a court reporter, as alleged in the defendant's motion and that the statement concerned the defendant's prosecution and Hyatt's immunity from prosecution. The motion to suppress Hyatt's testimony at defendant's trial was denied but the motion for production and inspection of his statement was granted. The State challenges the propriety of allowing this discovery.

■ The State contends that Hyatt's statement does not come within the scope of Rule 195, Rules of Criminal Procedure, 17 A.R.S.,[1] and we agree. Judicial interpretation of the counterpart federal rule supports this view. See United States v. Telles, 226 F.Supp. 670 (D.C.1964); United States v. Hughes, 195 F.Supp. 795 (D.C. 1961); United States v. Van Allen, 28 F.R.D. 329 (D.C.1961).

■ However, it has been held that Rule 195 does not delimit the trial court's inherent power to order discovery when the due administration of justice so dictates.

1. "Rule 195. Right of defendant to discovery and inspection

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the county attorney to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

State ex rel. Helm v. Superior Court of Cochise County, 90 Ariz. 133, 137, 367 P.2d 6 (1961); State v. Wallace, 97 Ariz. 296, 300, 399 P.2d 909 (1965).

We believe that previous decisions of our Supreme Court in this troublesome area of discovery in criminal actions indicate that the order of discovery entered was not proper. In State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962), our Arizona Supreme Court held, on appeal from a judgment of conviction, that a refusal to grant the defendant's motion to inspect statements made by an accomplice, the only eyewitness to the homicide, did not constitute an abuse of the trial court's discretion. The defendant's contention that such refusal was an abuse of discretion was predicated on the fact of diversity of defenses and that the accomplice was listed as a witness against him. The court pointed out that, notwithstanding its prior recognition of the merit in permitting greater pretrial discovery in criminal cases, State ex rel. Helm v. Superior Court of Cochise County, 90 Ariz. 133, 367 P.2d 6 (1961), the trial judge is the one "who can best ascertain whether good cauŝe for inspection has been shown" and "whether inspection in a particular instance is in the interest of justice." (91 Ariz. at 106, 370 P.2d at 264) It was further stated, however:

"We have not held, however, that a defendant has an unqualified right to inspect and copy statements of defendant and other witnesses. Such matter is within the sound discretion of the trial court. *However, we do not at this time decide the question whether the defendant has a right to inspect and copy the statements of other witnesses even under ex-ceptional circumstances.*" (Emphasis supplied)

91 Ariz. at 107, 370 P.2d at 264.

It is apparent that, at the very least, a showing of exceptional circumstances would be required to obtain pretrial discovery of statements of witnesses. This is in accord with a statement found in an earlier case, State ex rel. Polley v. Superior Court of Santa Cruz County, 81 Ariz. 127, 302 P.2d 263 (1956):

"At the outset let it be clearly understood we are of the opinion a defendant does not have an unqualified right to inspect ·his written statement in the hands of the prosecutor * * * but that an application for same is addressed to the sound discretion of the trial court, and, speaking generally, *it is only under exceptional circumstances* that such an application should be granted." (Emphasis supplied)

81 Ariz. at 130, 302 P.2d at 265.[2]

In State ex rel. Mahoney v. Superior Court of Maricopa County, 78 Ariz. 74, 275 P.2d 887 (1954), the court examined the question of whether the State should be required to produce for inspection certain documents, papers and tangible objects, pointing out that under the common law a defendant had no right of discovery. Inspection of certain tangible objects was permitted but discovery of papers and documents which were not and could not be evidence in themselves was refused.

Expansion of the range of permissible pretrial discovery in criminal cases has been advocated by numerous law review writers.[3] Few states, however, allow a defendant to

2. In upholding the trial court's allowance of pretrial inspection of the defendant's statement, the Supreme Court based its decision on the narrow question of the trial court's jurisdiction rather than the issue of "abuse of discretion." (81 Ariz. at 129, 302 P.2d 263)

3. See, e. g. Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth, 1963 Wash.U.L.Q. 279; Everett, Discovery in Criminal Cases—In Search of a Standard, 1964 Duke L.J. 477; Fletcher, Pretrial Discovery in State Criminal Cases, 12 Stan.L.Rev. 293 (1960); Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L.J. 1149, 1172–1198 (1960); Krantz, Pretrial Discovery in Criminal Cases: A Necessity for Fair and Impartial Justice, 42 Neb.L.Rev. 127

inspect the statements of prosecution witnesses in advance of trial. A substantial number of courts, when faced with the question, have denied the right of inspection. See, e. g. Mabry v. State, 40 Ala. App. 129, 110 So.2d 250 (1959); State v. Zimnaruk, 128 Conn. 124, 20 A.2d 613 (1941); State v. Shouse, Fla.App., 177 So. 2d 731 (1965); Williams v. State, 222 Ga. 208, 149 S.E.2d 449 (1966); Kinder v. Commonwealth, 279 S.W.2d 782 (Ky.1955); Bellew v. State, 238 Miss. 734, 106 So.2d 146 (1958), appeal dismissed 360 U.S. 473, 79 S.Ct. 1430, 3 L.Ed.2d 1531; Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385 (1960); Hill v. State, 167 Tex.Cr.R. 229, 319 S.W.2d 318 (1958); State v. Lavallee, 122 Vt. 75, 163 A.2d 856 (1960); State ex rel. Byrne v. Circuit Court of Dane County, 16 Wis.2d 197, 114 N.W.2d 114 (1962); State v. Hutchins, 1 Storey 100, 51 Del. 100, 138 A.2d 342 (1957); State ex rel. Regan v. Superior Court, 102 N.H. 224, 153 A.2d 403 (1959); State v. Foster, 242 Or. 101, 407 P.2d 901 (1965). New Jersey, which has adopted a very liberal view as to pretrial inspection of confessions, has declined to authorize pretrial inspection of witnesses' statements. See State v. Johnson, 28 N.J. 133, 145 A.2d 313 (1958).

California, on the other hand, has recognized that a defendant has a *right* to pretrial inspection of the statement of any witness on a showing of need. Funk v. Superior Court, 52 Cal.2d 423, 340 P.2d 593 (1959); Powell v. Superior Court, 48 Cal.2d 704, 312 P.2d 698 (1957). However, even under the liberalized California view, the defendant must show a better cause for discovery "than a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime." People v. Cooper, 53 Cal.2d 755, 3 Cal.Rptr. 148, 157, 349 P.2d 964, 973 (1960).

One other jurisdiction, just as our Supreme Court in *McGee*, supra, recognizes a certain discretion in the trial court. See People v. Maranian, 359 Mich. 361, 102 N.W.2d 568 (1960). In this case, on appeal from his conviction, the defendant alleged error in the trial court's denial of his motion for production of witnesses' statements. His argument was predicated on "the modern and more desirable trend in discovery practice and procedure". (102 N.W. 2d at 571) The court, in holding that no sufficient showing was made to justify the discovery, stated:

"Discovery will be ordered in all criminal cases, *when,* in the sound discretion of the trial judge, *the thing to be inspected is admissible in evidence* and a failure of justice may result from its suppression. The burden of showing the trial court facts indicating that such information is necessary to a preparation of its defense and in the interests of a fair trial, and not simply a part of a fishing expedition, rests upon the moving party." (Emphasis supplied)

102 N.W.2d at 571–572.

In the federal courts, it is well settled that a defendant in a criminal case is not entitled to pretrial inspection of statements of prospective prosecution witnesses. United States v. Palermo, 21 F.R.D. 11 (D.C. 1957); Caldwell v. United States, 338 F.2d 385 (8th Cir. 1964); United States v. Telles, 226 F.Supp. 670 (D.C.1964); See Anno. 7 A.L.R.3d 273.

As stated in *Palermo*:

"Statements made by prospective witnesses for the Government are not 'evidentiary' at the pretrial stage. They may ripen into evidentiary material for purposes of impeachment if and when, and only if and when, the witness who has made the statement takes the stand and

(1962); Louisell, Criminal Discovery: Dilemma Real or Apparent, 49 Calif.L. Rev. 56 (1961); Louisell, The Theory of Criminal Discovery and the Practice of Criminal Law, 14 Vand.L.Rev. 921 (1961); Moran, Federal Criminal Rules

Changes: Aid or Illusion for the Indigent Defendant? 51 A.B.A.J. 64 (1965); Symposium, Discovery in Federal Criminal Cases, 33 F.R.D. 47–128 (1963); Traynor, Ground Lost and Found in Criminal Discovery, 39 N.Y.U.L.Rev. 228 (1964).

testifies. The defendant only then is entitled to inspect statements given to the Government by such a witness concerning the subject matter of his testimony or reports concerning such statements for the purpose of impeaching credibility if he can. (citations omitted)"

21 F.R.D. at 13.

That our Supreme Court has taken a comparable view is indicated by the following language in State ex rel. Corbin v. Superior Court, 99 Ariz. 382, 409 P.2d 547 (1966):

"In the instant case the reports of the officers fall within the 'work-product doctrine,' and are not to be excluded from that rule merely because the officers who authored the reports are to be called as witnesses. This is not a case in which the officer has testified, and the defendant wishes to examine his notes for purposes of impeachment. We have held that at the time a police officer testifies in a case defendant has a right to examine notes and reports of the officer in regard to the matters about which he has testified in order to determine whether they were inconsistent with or otherwise tended to discredit the officer's testimony."

99 Ariz. at 384, 409 P.2d at 548.

Rule 16, Federal Rules of Criminal Procedure, relating to discovery and inspection, was revised and considerably enlarged last year effective July 1, 1966. It is to be noted, however, that the rule specifically prohibits discovery and inspection of "statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500." [Jencks Act] [4]

We do not believe a matter as important as this should be left simply to the discretion of the trial judge without any standards to guide that discretion. One advocate of discovery in criminal cases has criticized the "pleasant and facile solution," as he puts it, of the "discretionary" approach:

"Looked at realistically, instead of as a neat legal concept, 'discretion of the trial judge' in the area of criminal discovery appears more clearly for what it often is: an escape hatch from the rigors of formulating a reasonable rule for a complex situation. Actually, discretion of the trial judge has been pretty much the rule in criminal discovery for many years with the result that in most jurisdictions there has been no such discovery.

"In short, in the area of criminal discovery as elsewhere, we must struggle for norms that are objectively identifiable, observable, and reasonable. One defendant should not liberally be accorded discovery, and another wholly denied it, with nothing more than the 'luck of the draw' at motion's calendar to explain the difference."

Louisell, Criminal Discovery: Dilemma Real or Apparent, 49 Calif.L.Rev. at 98.

■ Due process does not require pretrial discovery for defendants in criminal cases. Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961).

If discovery such as was sought here is to be left to the discretion of the trial court, we believe that a defendant must present exceptional and compelling circumstances to justify an exception to the general rule against pretrial disclosure of statements of witnesses which are not in themselves evidence. See Commonwealth v. Caplan, 411 Pa. 563, 192 A.2d 894 (1963); State v. Aubuchon, 381 S.W.2d 807 (Mo.1964).

---

4. Worthy of comment is the fact that Rule 16, as amended, affords the prosecution a right of inspection. Subsection (c) provides that, upon motion by the government, the granting of specified discovery to a defendant may be conditioned upon permitting correlative inspection by the government. This seems to be in accord with the view expressed by this court that discovery should not be a "one-way street." State v. Rogers, 4 Ariz.App. 198, 419 P.2d 102 (1966).

Our criminal jurisprudence has reached a stage where consideration must be given to the rights of the public and a balance struck between such rights and some of the recently pressed rights of defendants. The State is not permitted in any possible way to discover facts from a defendant. Here the defendant has had a preliminary hearing, affording defense counsel "an opportunity to learn the nature of the prosecutor's case." (State v. Essman, 98 Ariz. 228, 232, 403 P.2d 540, 542 (1965)) The defendant declined to testify, as was his right, a fact worthy of note, however, because it points up the one-sided nature of the subject discovery order.

■ Looking at the record in this case, we are of the opinion that the showing made by the defendant in support of his motion for production fell short of a minimum "exceptional circumstances" requirement. We find only the following statement:

"It goes without saying that, since the statement sought to be produced purports to contain at least in part the testimony of Robert Glenn Hyatt and an agreement which may touch upon his bias or prejudice as a witness, the item is clearly 'material to the preparation of the defendant's defense and * * * reasonable.' "

■ The record reveals no showing that the defendant could not interrogate this witness who was in custody. Generally, defendant's counsel, barring exceptional circumstances, is entitled to interview a witness in custody. State v. Wise, 101 Ariz. 315, 419 P.2d 342 (1966).

On this state of the record, we conclude that the order of production entered below went beyond the discretion allowed to the trial court by pronouncements of our Arizona Supreme Court. The order herein challenged is vacated.

MOLLOY and KRUCKER, JJ., concur. NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.