**Matter of the Application of Billy Jay KILLION for Writ of Mandamus.**

**No. A-12731.**

Court of Criminal Appeals of Oklahoma.

April 2, 1959.

Dale J. Briggs, Charles G. Pope, W. Timothy Dowd, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Robert D. Simms, County Atty., Tulsa County, John M. Imel, Asst. Co. Atty., Tulsa, for respondent.

---

1.  See Pierce v. State, 97 Okl.Cr. 402, 265 P.2d 737.

BRETT, Judge.

This is a petition in mandamus brought by Billy Jay Killion, a minor, charged by information in the District Court of Tulsa County, Oklahoma, with the murder of his mother, wherein he seeks an order requiring the county attorney of Tulsa County, Oklahoma, to make available for him a tape recorded conversation had by him with the county attorney of Tulsa County. He alleges that said recording might be presented against him at the trial for cross-examination purposes. To this petition the county attorney responded to the effect the petitioner has no inherent or statutory right to the said recording, that said recording contains statements of the petitioner himself and that he is therefore aware of the matters therein contained and petitioner's attorney can obtain from him the said matters, without the inspection thereof.

In State ex rel. Sadler v. Lackey, Okl.Cr., 319 P.2d 610, 613, 614, we said:

"The defendant, in the absence of statutory authority, has no absolute right of pre-trial inspection or to compel the state to produce documents and reports that may be beneficial to the defendant. Nor, does the defendant have an inherent right to examination of the state's evidence merely in the hope that something may turn up which would aid his defense or supply clues for gathering evidence. People ex rel. Lemon v. Supreme Court, 245 N.Y. 24, 156 N.E. 84, 86, 52 A.L.R. 200. But, in the interest of justice for good cause shown, where the denial of pre-trial inspection might result in a miscarriage of justice, the trial court has the inherent right in the exercise of sound judicial discretion to grant the remedy of pre-trial inspection to the accused. Walker v. Superior Court, supra. (155 Cal.App. 2d 134, 317 P.2d 130.) But, the right of pre-trial inspection should not be granted for the purpose of blunderbuss roving so that the privilege would reach the stature of an absolute right. Shores v. United States, supra. (8 Cir., 174 F.2d 838, 11 A.L.R.2d 635.) In fact, ordinarily the rules so clearly announced in [People ex rel.] Lemon v. Supreme Court, supra, the leading case on this question, wherein pre-trial inspection was denied, should be adhered to and seldom relaxed.

\* \* \* \* \* \*

"It is true that ordinarily, unless the documents are evidence themselves, as in cases of forgery, threatening letters, etc., which are the very essence of the case, they should not be required for inspection in pre-trial proceedings. [People ex rel.] Lemon v. Supreme Court, supra; State v. Thompson, Del.Super., 134 A.2d 266; United States v. Benson, D.C., 20 F.R.D. 602."

The tape recording in this case cannot be evidence in the case itself, does not constitute the very essence of the case, but at most might possibly become incidentally material on cross-examination. It is therefore not the proper subject of an order of mandamus to the county attorney requiring him to produce the same. While in a proper case this kind of relief will be made available, this is not such a case.

There were other matters sought by habeas corpus in this petition which were reached by stipulation, and hence are not necessary to consider herein.

The writ of mandamus is accordingly denied

POWELL, P. J., and NIX, J., concur.