**Gerald Franklin BELL, Petitioner,**

v.

**Leslie W. WEBB, Judge of the Court within and for Tulsa County, State of Oklahoma, Respondent.**

**No. A-13115.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1961.

Chris Rhodes, Jay C. Baker, Tulsa, for petitioner.

Robert D. Simms, County Atty., Tulsa County, Tulsa, for respondent.

BUSSEY, Judge.

Petitioner, Gerald Franklin Bell, is charged in the District Court of Tulsa County with the crime of murder, where he is currently imprisoned awaiting trial. On the 6th day of September, 1961, petitioner filed in this court an application for writ of mandamus. A hearing was held on the 26th day of September, 1961, at which time the following facts were disclosed. On the night of 13 April 1961, petitioner was taken into custody by officers of the Tulsa Police Department. After his arrest and while in custody petitioner issued a written statement. Thereafter he was

placed in the Tulsa County jail and on the following morning a tape recorded statement was made in the office of the assistant county attorney which statement contained certain admissions relating to the charge upon which he is being held and containing admissions of other crimes not related to the charge of murder. At the preliminary hearing a copy of the statement taken by the Tulsa police officers from the accused on the night of April 13, 1961, was introduced and a copy of said statement was furnished the petitioner. Thereafter the petitioner filed a motion for pre-trial inspection of the second statement recorded in the assistant county attorney's office.

Presiding Judge Leslie Webb refused to allow pretrial inspection of the aforementioned statement. It is the contention of the petitioner that he cannot adequately prepare for trial without being first provided a copy of the statement recorded in the assistant county attorney's office. It is urged that the petitioner, a youth of 16 years of age, was not provided with an opportunity to secure counsel nor were his parents or attorney present at the time the statements were taken. Counsel for petitioner argues that although he has frequently sought to secure the details of the statements from the petitioner accused is unable to relate any of the circumstances of statements given to the county attorney.

On hearing before this court, county attorney Sims advised that he did not intend to use the tape recorded statement as evidence in chief, but that it might be introduced as rebuttal evidence.

■ We believe that the instant matter is controlled by Application of Killion for Writ of Mandamus, Okl.Cr., 338 P.2d 168, 169. In that case, Killion, a minor was charged with the murder of his mother. He sought an order requiring the county attorney of Tulsa County, Oklahoma, to make available for him a tape recorded conversation had by him with the county attorney of Tulsa County, alleging that said recording might be presented against him at the trial for cross-examination purposes. In a well-considered opinion written by Justice Brett the court denied the writ holding that: "The tape recording in this case cannot be evidence in the case itself, does not constitute the very essence of the case, but at most might possibly become incidentally material on cross-examination. It is therefore not the proper subject of an order of mandamus to the county attorney requiring him to produce the same. While in a proper case this kind of relief will be made available, this is not such a case." In State ex rel. Sadler v. Lackey, Okl.Cr., 319 P.2d 610, 615, we said: "The defendant, in the absence of statutory authority, has no absolute right of pre-trial inspection or to compel the state to produce documents and reports that may be beneficial to the defendant. Nor, does the defendant have an inherent right to examination of the state's evidence merely in the hope that something may turn up which would aid his defense or supply clues for gathering evidence. * * * But, in the interest of justice for good cause shown, where the denial of pre-trial inspection might result in a miscarriage of justice, the trial court has the inherent right in the exercise of sound judicial discretion to grant the remedy of pre-trial inspection to the accused." The rule above enunciated was not changed by a subsequent case, Layman v. State, Okl.Cr., 355 P.2d 444.

■ In the instant case the petitioner is apprised of the contents of the purported confession which the state intends to introduce as evidence in chief. We are of the opinion that being thus armed he can adequately prepare his defense. The question of the admissibility or inadmissibility of the statement to be introduced in chief and the tape recorded statement that may be offered in rebuttal is not properly before this court and need not be considered in this opinion.

In view of the above-cited authority the writ is denied.

NIX, P. J., and BRETT, J., concur.